21483

In the Matter of Margaret BAZZLE, a Minor Under the Age of Seventeen Years, Appellant.

(279 S. E. (2d) 370)

*Deputy Appellate Defender Vance J. Bettis,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel, R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia, and *Sol. Randolph Murdaugh, Jr.,* Walterboro, *for respondent.*

June 8, 1981.

NESS, Justice:

Appellant Margaret Bazzle was adjudicated a delinquent. We reverse.

A hearing was conducted to determine whether or not appellant was delinquent. At the close of the case, the family court judge refused defense counsel's request to make a closing argument. Respondent concedes this was reversible error, but proposes the case be remanded only for closing arguments rather than a new trial.

Article I, § 14 of the South Carolina Constitution, as well as the Sixth Amendment of the United States Constitution,

guarantees an accused the right "to be fully heard in his defense by himself or by his counsel or by both." In *State v. Ballenger*, 202 S. C. 155, 24 S. E. (2d) 175 (1943), this Court held our Constitution guarantees the accused the right to present arguments to the jury. There is no logical distinction in allowing arguments in a jury trial, yet, not allowing them during a bench trial. Although a trial judge may reasonably limit the length of arguments, we hold he may not preclude them in their entirety.

Respondent's proposal to remand solely for closing arguments is without merit. This case was heard more than ten months ago. It is unlikely the family court judge has any recollection of the facts and evidence as he has heard numerous cases in the *interim*. Moreover, it may be heard by a different judge.

It is unnecessary to address appellant's remaining exceptions as a new trial must be granted.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.