0082

Cathy M. FOREMAN, Respondent, v. Lee M. FOREMAN, Appellant.

(313 S. E. (2d) 312)

Court of Appeals

*Michael O. Hallman,* Greenville, *for appellant.*

*Kenneth C. Porter* of *Porter & Rosenfeld,* Greenville, *for respondent.*

Feb. 17, 1984.

CURÉTON, Judge:

This is a divorce action. The appellant husband, Lee Foreman, appeals from the order of the family court awarding the respondent-wife, Cathy Foreman, all of the marital property, with minor exceptions, monthly alimony of $200 and attorney's fees of $1,500. We reverse and remand.

Lee and Cathy Foreman were married on May 10, 1975. Mrs. Foreman was employed as a teacher earning approximately $11,000. Mr. Foreman earned around $20,000. They purchased a modest home in January 1976 with joint funds. Title was placed in both their names.

The Foremans' lives changed considerably when Mrs. Foreman received serious injuries in an automobile accident in April, 1976. She was out of work because of her injuries from April 1976 to September 1977. During this time she received disability compensation.

As a result of the accident, Mr. and Mrs. Foreman filed claims for loss of consortium and personal injuries, respectively. The claims were settled in late 1977 for the net sum of $210,000. Although the settlement was undivided, the parties signed an agreement drawn by counsel that $50,000 was received in settlement of Mr. Foreman's claim and $160,000 in settlement of Mrs. Foreman's claim. The money was deposited in a joint account. It appears from the record that Mr. Foreman exercised control of the settlement money with Mrs. Foreman's consent.

The record also reveals that the Foremans began spending large sums of the settlement money. They began building a

new house in 1978. They sold their first house at a profit of $15,000 which amount was added to the settlement funds. They also placed a $35,000 mortgage on the property to secure additional funds to complete construction of the house. Both parties testified that about $190,000 was expended on its construction. In addition to the house, the Foremans purchased, among other things, a one-thirteenth interest in a condominium titled solely in Mr. Foreman's name, a Cadillac, a Jaguar, two boats, various antique furnishings, silverware and an oriental rug. Much of this property was purchased with money from the settlement.

The Foremans had also agreed initially to place $25,000 of the settlement funds in an emergency reserve account for Mrs. Foreman's benefit. Mr. Foreman, however, withdrew the $25,000 without Mrs. Foreman's knowledge. According to Mr. Foreman, the money was used in the construction of the house.

Mr. Foreman left the marital domicile on June 8, 1980. Of the entire amount of money accumulated from the settlement, mortgage, sale of the first home and their salaries and income, only $2,106 remained in the joint account. This money Mr. Foreman acknowledged withdrawing to pay household bills prior to leaving. Both parties denied having savings or income from other assets. Though employed, Mrs. Foreman was still partially incapacitated.

Mrs. Foreman initiated this action for a divorce on the ground of adultery, alimony, sole ownership of the marital home and its contents, an accounting for and equitable division of other real and personal property and attorney's fees. Mr. Foreman did not contest the divorce but requested that he be granted an equitable share of all the marital property. With the exception of an award to Mr. Foreman of a 1975 Jaguar with a $5,500 lien and the household furnishings in his possession, which Mrs. Foreman testified were a mattress, box springs, bed, television and some "kitchen stuff," the court awarded Mrs. Foreman all of the parties' real and personal property. In addition, Mrs. Foreman was awarded alimony of $200 a month and attorney's fees of $1,500.

On appeal, Mr. Foreman assigns error to the court's ruling with respect to three of its provisions. First, he contends the court erred in equitably apportioning the marital property.

Second, he asserts the evidence fails to support a need for the alimony awarded by the court. Third, Mr. Foreman argues that the court erred in finding that the nature of the case merited an award of attorney's fees of $1,500 and in providing for the direct award of the fee to counsel for Mrs. Foreman. In a fourth assignment of error, Mr. Foreman contends the court erred in denying him, through counsel, the opportunity to orally argue an appropriate equitable distribution of the marital assets.

With reference to the distribution of the property, Mr. Foreman contends that the court erred in failing to adequately identify the property available for distribution and in making a grossly unequal distribution based on findings unsupported by the record.

The ultimate objective of the family court in effecting a division of the marital property is to do so fairly and equitably. We are fully aware that the family courts of South Carolina are hampered in achieving this objective by the lack of detailed statutory and judicial guidelines on the appropriate factors to be considered in apportioning the property and the weight to be accorded such factors. The South Carolina Supreme Court, however, has enunciated three factors which family courts are to consider in determining the proper portion of marital property that is owned in equity by each spouse: (1) the relative incomes and material contributions of the parties, *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982); (2) the relative fault of the parties in causing the divorce, *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980); and (3) the debts and nonmarital properties of each of the parties, *Levy v. Levy*, 277 S. C. 576, 291 S. E. (2d) 201 (1982).

We recognize that the application of the above discussed factors to a particular case necessarily involves a matter of judgment. In reviewing the trial court's findings against our view of the preponderance of the evidence, *Barden v. Barden*, 278 S. C. 672, 301 S. E. (2d) 141 (1983), this Court is guided by general principles of equity. First, the equities of both sides are to be considered, and each case must be decided on its own particular facts. *Carroll v. Page*, 264 S. C. 345, 215 S. E. (2d) 203 (1975). Second, the court of equity must "balance the equities" between the parties in

determining what if any relief to give. The equities on both sides must be taken into account. 27 Am. Jur. *Equity* Section 103 (1966). Our review convinces us that Mr. Foreman is entitled to a greater share of the marital property.

Applying the factors mentioned above, we note several equities in the marital property in favor of Mr. Foreman: (1) his contribution of his income of $20,000 to $24,000 yearly to the acquisition of the property during the five-year marriage; (2) his contribution of his 23.3% interest in the settlement money; (3) his contribution of a significant amount of labor to the construction of the home; (4) his care of and devotion to Mrs. Foreman over an approximate two-year period during her serious disability; (5) the lack of evidence of adultery prior to the separation of the parties; (6) the gift of his mother's secretary and a day bed to Mrs. Foreman; and (7) the $24,000 of settlement funds Mrs. Foreman acknowledged he gave her.

On the other hand, there are substantial equities in the property in favor of Mrs. Foreman: (1) her contribution of her 76.7% interest in the settlement funds; (2) her contribution of her salary and disability compensation over the five-year marriage; (3) her payment of the $1,382 lien Mr. Foreman caused to have placed against the first house; (4) the existence of the $3,000 lien Mr. Foreman caused to have placed against her car; (5) Mr. Foreman's sole appropriation of the $6,300 interest income on the settlement money; and (6) Mr. Foreman's withdrawal of the $25,000 from the emergency fund established for Mrs. Foreman's benefit.

Balancing these equities, it seems clear that to deny Mr. Foreman any real interest in the assets of the marriage, valued at a minimum of $183,000, was inequitable. In addition, we find that the family court failed to adequately identify and value the personal property of the marriage. On remand, the court is to make appropriate findings of fact as to identity, value and proper divison of all the marital property. Our decision in no way precludes the court from permitting the satisfaction of Mr. Foreman's interest by payment of cash.

Mr. Foreman's second contention is that the court's award of alimony is unsupported by the evidence. He argues that there is no evidence that Mrs. Foreman is in need of support since she earns a net monthly salary of

$670. He contends that her need for support was artificially created by the court's distribution of the property. Since the court failed to make findings of fact as required by Rule 27(C) of the Rules of Practice for the Family Courts with respect to the factors to be considered in determining alimony as stated in *Delaney v. Delaney*, 278 S. C. 55, 293 S. E. (2d) 304 (1982), the case is remanded for compliance.

In addition, the issue of attorney's fee is remanded to ■ the family court for further findings of fact relative to the basis for the award. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977); *Atkinson v. Atkinson*, 309 S. E. (2d) 14 (S. C. App., 1983). On remand, the trial court will also consider whether there is reason to require payment of attorney fees to Mrs. Foreman's attorney directly; if not, the award shall be made to Mrs. Foreman. *See Louthian and Merritt, P.A. v. Davis*, 272 S. C. 330, 251 S. E. (2d) 757 (1959).

Finally, Mr. Foreman argues that the trial judge com- ■ mitted error in not permitting his counsel to make a closing argument. This exception is without merit. While our Supreme Court indicated in the case of *In Matter Of Bazzle*, 276 S. C. 426, 279 S. E. (2d) 370 (1981) that an oral argument was mandated in a juvenile case, appellant has not directed our attention to any case that requires such an argument in a domestic bench trial, nor has he shown preju- dice resulting from a denial of the opportunity to make such an argument.

Accordingly, the judgment of the family court with respect to the issues of alimony, equitable distribution and attorney's fees is hereby reversed. The case is remanded for proceedings consistent with our decision herein.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.