0651

Velva Jo Coyle JOHNSON, Respondent v. Malcolm Cloud JOHNSON, Appellant.

(341 S. E. (2d) 811)

Court of Appeals

*Robert J. Thomas,* and *John Timothy Stack,* of *Tompkins, McMaster & Thomas,* and *Julius W. McKay,* of *McKay & Guerard,* Columbia, *for appellant.*

*Alice S. Moore,* of *Gertz & Moore,* and *Ronald G. Aaron,* of *Kirkland, Aaron & Alley,* Columbia, *for respondent.*

Heard Nov. 14, 1985.

Decided March 13, 1986.

BELL, Judge:

Velva Johnson commenced this action against her former husband, Malcolm Johnson, for a divorce on the ground of adultery. The family court issued a decree denying the divorce, but ordered alimony and property division. A separate decree awarded attorney's fees to Mrs. Johnson. Mr. Johnson appeals both decrees. We reverse and remand.

The parties married in October, 1943. At that time, Mrs. Johnson had a high school education and was working as a clerk. Mr. Johnson had a degree in electrical engineering and was an officer in the army. Following his release from service, Mr. Johnson returned to South Carolina Electric & Gas Company, where he had risen to the position of vice-president at the time of the separation. From 1945 to 1964, Mrs. Johnson was occupied as a homemaker and mother to their three children. All three children were emancipated by 1982. In 1964 Mrs. Johnson, with Mr. Johnson's assistance, established a business known as "Copies." The business, located in Columbia, was still in operation at the time of the hearing. Over the course of the marriage, the couple accumulated numerous assets in real estate and personal property.

Mrs. Johnson petitioned for a divorce in March, 1982. Mr. Johnson denied the adultery and any claim for alimony, attorney's fees, or special equity in property titled in his name. The court received testimony on November 30 and December 2, 1982. The issue of attorney's fees was reserved by the court.

The court subsequently granted a post-trial motion by Mrs. Johnson's attorney to appraise two properties. Mr. Johnson opposed this motion. Following receipt of the appraisals, the family court issued its decree in June, 1983, denying a divorce on the ground of adultery. The court, however, found the marriage to be broken and entered a decree for separate maintenance and support. The court made an equitable distribution of marital property and awarded alimony to Mrs. Johnson. When Mr. Johnson subsequently was granted a divorce on the ground of one years separation, the prior decree was merged into the final divorce decree.

The family court heard testimony on the issue of attorney's fees in December, 1983, and January, 1984. The court reserved a decision pending outcome of the appeal of the original support decree. Following a petition by Mr. Johnson, the Supreme Court ordered a determination on attorney's fees. In July, 1984, the family court awarded $35,000 as a reasonable fee to Mrs. Johnson's attorney, and ordered Mr. Johnson to pay half, or $17,500.

## I.

We first consider the equitable distribution award. At the time of the separation the couple had accumulated assets in real and personal property worth approximately $844,000. The order identified and valued each property. It awarded to Mrs. Johnson property worth $471,950, and to Mr. Johnson property worth $372,489.

The family court erred in the equitable distribution award for the following reasons: 1) the award utilized appraisal values not in evidence, 2) the award distributed Mr. Johnson's nonmarital property, including certain inherited property and his retirement account, 3) the award incorrectly valued Mrs. Johnson's bank accounts, and 4) Mrs. Johnson was given an unidentified cash payment of $70,000. We shall consider these errors separately.

## 1.

The primary evidence of the couple's property was a detailed schedule and valuation prepared by Mr. Johnson and his attorney. This list was introduced into evidence. Mr. Johnson valued a 863.5 acre tract in Cottageville at $332,000,

and a Heritage condominium unit at $91,000. Mrs. Johnson testified only to the value of her business and certain items of personal property. She presented no evidence on the value of Mr. Johnson's property, and agreed to abide by his list as to the "status" of each property. Despite this stipulation, her attorney requested an appraisal of all properties at the conclusion of testimony.

The appraisal was ordered by the judge in March, 1983, pursuant to Mrs. Johnson's post-trial motion that the Cottageville and Heritage condominium properties be appraised. The appraisal valued the Cottageville property at $440,000 and the condominium at $125,000. These values exceed the trial proof by $87,900. It is evident from the record, and was conceded by Mrs. Johnson's counsel at oral argument, that the appraisals were never admitted into evidence.

The judge erred in using the appraisals in his decree where the appraisals were not introduced into evidence and the parties were not given an opportunity to cross-examine the appraiser. *See Hultberg v. Hultberg,* 259 N. W. (2d) 41 (N. D. 1977), *appeal after remand,* 281 N. W. (2d) 569 (N D. 1979). A judge may not, after all testimony has been taken, receive additional contested evidence without reopening the case. *See Sebrite Corp. v. Transouth Financial Corp.,* 272 S. C. 483, 252 S. E. (2d) 873 (1979). It was therefore, error on the part of the judge to make a finding of fact as to value of these properties based on evidence from unsworn statements of the appraiser. *See State v. Pacific Guano Co.,* 26 S. C. 610, 2 S. E. 265 (1887). That part of the decree based on the appraisal values is unsupported by the evidence properly presented at trial, and is, accordingly, in error. *See Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42 (1974) (a conclusion reached without factual support constitutes an abuse of discretion).

2.

The order awarded Mr. Johnson's inherited property on Margrave Street in Columbia to Mrs. Johnson. Mr. Johnson inherited a one-fourth interest from his aunt. The remaining heirs then deeded their interest to him. In recognition of her care and devotion to his aunt and uncle, Mr. Johnson gave Mrs. Johnson a three-eights interest in the property.

Property inherited by a spouse is not property of the marriage subject to equitable distribution. *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984). While it is possible for inherited property to lose its nonmarital character and become subject to distribution, the decree made no finding that Mr. Johnson's inheritance had acquired the character of marital property. After finding: "As this was inherited property, Mrs. Johnson has no interest in it except to the extent that Mr. Johnson gave her a three-eights interest therein," the decree awarded the entire property to the wife as marital property. This was error.

The findings of fact also list Mr. Johnson's retirement account, valued at $40,000 to $50,000, as marital property. The decree awarded the retirement account to Mr. Johnson.

In South Carolina, a spouse's noncontributory retirement account is not marital property subject to equitable distribution. *Haynes v. Haynes*, 279 S. C. 162, 303 S. E. (2d) 429 (1983); *Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982). Furthermore, the court should not consider the value of either party's retirement plan in dividing the marital estate. *Anderson v. Anderson*, 282 S. C. 163, 318 S. E. (2d) 566 (1984). Inclusion of Mr. Johnson's retirement account as marital property was, therefore, error.

3.

The order made a factual finding that Mrs. Johnson had cash, checking, savings and certificates of deposit accounts worth $8,000 which constitute marital property. The court awarded Mrs. Johnson all bank accounts in her name. This finding is contradicted by her testimony and financial declaration. Mrs. Johnson's financial declaration lists $22,000 in certificates of deposit and savings accounts. She testified to a total of approximately $30,650 in certificates of deposit and other accounts. As a result, Mrs. Johnson actually received an additional $22,000 in the marital property distribution. That portion of the order which awarded Mrs. Johnson her bank accounts was, therefore, in error since it was based on an incorrect valuation.

4.

Finally, the decree ordered Mr. Johnson to pay Mrs.

■ Johnson $70,000 "as a part of the distribution of marital property." In determining an equitable division of property, the trial judge should make findings of facts as to identity, value and proper division of all marital property. *Foreman v. Foreman*, 280 S. C. 461, 313 S. E. (2d) 312 (Ct. App. 1984). The power of the court to distribute equitably spousal property is restricted by the requirement that the courts distribute only the property found to be "property of the marriage." *Hussey v. Hussey, supra.* The decree did not identify this cash payment as representing the value of any particular marital property. *See Foreman v. Foreman, supra.* Apparently, it was simply an additional cash award from Mr. Johnson's income, unrelated to specific marital property. Therefore, it was error to include it as part of the marital property distribution.

The inclusion of incorrect valuations and distribution of nonmarital property render the distribution of $471,950 in marital property to Mrs. Johnson and $372,489 to Mr. Johnson legally erroneous. We therefore remand for a redetermination of the equitable division of marital property.

II.

■ Mr. Johnson contends the court erred in awarding Mrs. Johnson $1,500 monthly alimony. The factors to be considered in awarding alimony to a wife include: 1) financial condition of the husband and needs of the wife, 2) age and health of the parties, respective earning capacity, and individual wealth, 3) wife's contribution to the accumulation of joint wealth, 4) conduct of the parties, 5) respective necessities of the parties, 6) standard of living of the wife at the time of divorce, 7) duration of the marriage, 8) ability of the husband to pay alimony, and 9) actual incomes of the parties. *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981). In weighing these factors, the court found Mrs. Johnson's earning capacity in her business had deteriorated to a nominal income. Mrs. Johnson testified that her business profits were down substantially in 1982 due to a relocation after the City of Columbia took her former place of business by eminent domain. The decree found, pursuant to Mrs. Johnson's testimony, that she had withdrawn only $5,000 from her business by the time of the hearing in late November, 1982.

Mr. Johnson testified without contradiction that Mrs. Johnson's business had a cash flow of over $200,000 in the four years preceding the hearing. Testimony revealed Mrs. Johnson's business generated a net income of $50,750 in 1980, and $34,631 in 1981. Her accountant testified at the March, 1983, hearing on attorney's fees that Mrs. Johnson's total gross income for 1982 was $39,103. This testimony contradicts the finding of a "nominal" income. It appears, rather, that Mrs. Johnson continued to enjoy a substantial income.

The amount of property awarded in an equitable distribution may be an important factor in determining alimony. *See Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982). Since we are remanding the equitable distribution award for reconsideration, the alimony award should be reconsidered in light of Mrs. Johnson's portion of the property distribution determined on remand. Accordingly, we reverse and remand the alimony award for redetermination by the family court.

### III.

Mr. Johnson appeals the $35,000 attorney's fee awarded to Mrs. Johnson, of which he was ordered to pay $17,500.

In an award of attorney's fees, the order must set forth specific findings of fact concerning: 1) the nature, extent, and difficulty of legal services rendered, 2) the time and labor necessarily devoted to the case, 3) the professional standing of counsel, 4) the contingency of compensation, 5) the beneficial results accomplished, and 6) the fee customarily charged in the locality for similar legal services. *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983).

Mrs. Johnson's attorney submitted a one half page statement of estimated time spent on the case, totalling ninety hours. The attorney testified:

We had numerous conferences. We tried the case for about two days. We had depositions. We had to file Answers and Counterclaims. We had to reply to a demurrer. We had to argue concerning appraisals of property.

The two experts, local attorneys, testified that in their opinion a reasonable fee in this case would be $50,000 to $55,000. Mrs. Johnson's attorney requested $61,175.

The order merely states that the hotly contested issues in this case demanded considerable time from Mrs. Johnson's attorney. The vague estimations of time and labor devoted to the case and extent of legal services rendered do not support an award of $35,000 in attorney's fees. We reverse and remand for specific findings of fact in accordance with the *Atkinson* factors.

For the reasons stated above, the judgments appealed from are

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.