0919

Judith Tomerlin WOOD, Respondent v. G. Thomas WOOD, Appellant.

(354 S. E. (2d) 796)

Court of Appeals

*Moss, Bailey, Dore & Kuhn, P.A.*, Beaufort, *for appellant.*

*Harper & Harper, P.A.*, Beaufort, *for respondent.*

Heard Feb. 23, 1987.

Decided March 30, 1987.

CURETON, Judge:

In this divorce action the former husband, Dr. G. Thomas Wood, appeals the awards of equitable distribution, alimony, and attorney fees to his former wife, Judith Tomerlin Wood. We find the record insufficient to support the trial judge's equitable distribution award or to allow us to make our own determination of the fairness of the award. Consequently, we remand all issues to the trial court for proper findings and determination of equitable distribution and attendant determinations of alimony and attorney fees.

The parties were married in 1982. They had lived together since 1976 and had two sons, born in 1979 and 1981. Mrs. Wood had previously worked as a real estate agent, but in 1977 went to work for Dr. Wood in his general surgery practice on Hilton Head Island. She continued to work for the practice until shortly after their marriage. In the past several years, she has returned to part-time real estate work.

The couple separated several times during the marriage. They reconciled in January 1984 but separated once again in November of that year. Mrs. Wood petitioned for a divorce on the ground of adultery, equitable distribution, sole interest and possession of the marital home, alimony, child support, and attorney fees. The court required Dr. Wood to pay unallocated pendente lite support of $4000.000 per month

and granted Mrs. Wood sole possession of the marital home and attorney fees.

The divorce hearing was held on August 26 and 27, 1985 with the final order issued on September 27, 1985. Mrs. Wood was granted a divorce, a special equity in Dr. Wood's professional association, $1,000.00 per month alimony, custody of the children, $1,000.00 per month child support, the marital residence free and clear of any liens, some debentures and a $10,000.00 attorney fee. Dr. Wood appeals, arguing the judge erroneously valued and distributed the marital assets, erred in awarding Mrs. Wood lifetime alimony and medical insurance benefits, and erred in awarding her a $10,000.00 attorney fee.

I.

We first consider the equitable distribution award. Dr. Wood argues the judge erred in awarding Mrs. Wood a 63% equitable interest in marital assets where the order misidentified certain property as marital assets, erroneously valued certain assets, and failed to determine Mrs. Wood's respective contributions to the acquisition of these assets.

In determining an equitable distribution of property, the trial judge should make findings of facts as to identity, value, and proper division of all marital property. *Johnson v. Johnson*, 288 S. C. 270, 341 S. E. (2d) 811 (Ct. App. 1986); *Foreman v. Foreman*, 280 S. C. 461, 313 S. E. (2d) 312 (Ct. App. 1984). The judge must also determine whether the parties made material contributions to the acquisition of property and must identify the proportionate contribution of each party. *Brewington v. Brewington*, 280 S. C. 502, 313 S. E. (2d) 53 (Ct. App. 1984). The judge has wide discretion in determining an equitable distribution of marital property, and his judgment will not be disturbed on appeal absent an abuse of discretion. *Gay v. Gay*, 288 S. C. 74, 339 S. E. (2d) 532 (Ct. App. 1986).

The most significant asset of the marital estate is Dr. Wood's medical practice, which the judge valued at $300,000.00.[1] This value was apparently derived solely from evidence presented by Mrs. Wood. She testified that his medical charges and collections were around $250,000.00 per year, and that her valuation was based on the income the

practice generated, all the equipment he owns, the value of which "I don't know offhand," and a value Dr. Wood put down on "some paper" that his accounts receivable were worth "around a hundred thousand dollars." Dr. Wood testified that he valued his practice at $8,000.00, the cost to replace his equipment, and $98,000.00 in accounts receivable, of which only approximately $60,000.00 were collectible. He also testified the practice had "a certain intrinsic worth" which could not be valued as it depended on whether he could continue to work. On cross-examination, he admitted that in a personal financial statement prepared for the purpose of securing a loan in April, 1983, the practice was valued at $200,000.00. He testified he believed Mrs. Wood had prepared the statement, although he signed it. This document was introduced into evidence, but does not appear in the record. The record does contain a schedule of assets prepared by Mrs. Wood, which values the practice at $325,000.00, and a schedule prepared by Dr. Wood which values it at $0. In addition, there is a deposition of Hubert Bernheim, accountant for the practice during 1985. Bernheim testified as to the practice's profits and earnings from October 1983 to the time of the hearing, and produced profit and loss financial statements for the business from a period beginning October 1, 1984. He did not, however, testify as to the value of the business.

In any equitable distribution of marital assets, the family court must determine the fair market value of the property "by considering the business' net asset value." *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). Moreover, while this Court held that in a business of this sort, which relies heavily on the skills and efforts of a sole owner, goodwill may be divisible. *Casey v. Casey*, 289 S. C. 462, 346 S. E. (2d) 726 (Ct. App. 1986), *cert. granted,*

---

[1] The decree purported to award Mrs. Wood a "special equity interest" in Dr. Wood's professional association. Dr. Wood has not objected to the inclusion of his practice in the marital estate, but only to the judge's valuation of the practice. On remand, we call the court's attention to the fact that under the holding in *Bannen v. Bannen*, 286 S. C. 24, 331 S. E. (2d) 379 (Ct. App. 1985), Mrs. Wood cannot be awarded an equitable interest in the professional association, although the value of Dr. Wood's interest in his professional association can be considered in the equitable distribution.

Order of The Supreme Court of South Carolina February 17, 1987, the trial court made no effort to separate the value of Dr. Wood's potential for future earnings and the value, if any, of his medical practice without him as its employee.

We find the judge's valuation of the business at ■ $300,000.00 to be unsupported by any competent evidence. In addition, the judge's values for the M. L. Barge property at $158,000.00, the Lemon Island property at $18,000.00, and the Governor's Road house at $50,000.00 are also unsupported by the evidence. Since a divorce proceeding is a matter in equity, this Court is entitled to find facts based upon our own view of the preponderance of the evidence. *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601 (1981). In this case, however, the record is devoid of any competent evidence from which this Court can make determinations of value. Therefore, we remand to the family court to take further evidence from which to make a fair valuation of the marital assets for the purposes of equitable distribution.

Further, the award contains certain property which ■ does not appear to be marital property. The judge included in the distribution a 6½ acre tract in Tennessee, which he awarded to Mrs. Wood. At the hearing both counsel and the judge agreed this was Mrs. Wood's separate property which should be excluded from the marital estate. It was clearly error, therefore, to include it in the award. The power of the court to distribute equitably spousal property is restricted by the requirement that the courts distribute only the property found to be "property of the marriage." *Johnson v. Johnson, supra.*

The judge also awarded Dr. Wood the pension and ■ profit-sharing plan from his medical practice, valued at $20,000.00, as part of the equitable distribution. In *Watson v. Watson*, 291 S. C. 13, 351 S. E. (2d) 883 (Ct. App. 1986), this Court held that certain voluntary contributory pension and profit-sharing plans may be included in the marital estate. We noted that the family court has discretion to make such a determination in light of certain enumerated factors. Here, the record is not adequate to permit this Court to properly apply the *Watson* factors. We, therefore, remand the question of whether this plan is marital property to the family court to take additional testimony if

necessary, and make specific findings on the *Watson* factors. *See, Josey v. Josey,* 291 S. C. 26, 351 S. E. (2d) 891 (Ct. App. 1986).

For the reasons set forth above, the equitable distribution award is remanded to the trial court for the taking of additional testimony or reception of additional evidence necessary to effectuate a proper identification and valuation of marital property and determination of the material contributions of each party to the acquisition of that property. We note on remand that it is the duty of counsel to present to the judge evidence from which he may find with a reasonable degree of accuracy the value of the property sought to be equitably distributed. *Shaluly v. Shaluly,* 284 S. C. 71, 325 S. E. (2d) 66 (Ct. App. 1985). We note also that under our new Equitable Distribution Statute the trial judge has the authority to appoint experts as necessary for the purpose of valuation of property and contributions and to assess the cost against any or all parties to the action. Section 20-7-474, Code of Laws of South Carolina, 1976, as amended.

## II.

Dr. Wood next appeals the award of alimony and medical benefits, arguing the judge erred in awarding Mrs. Wood alimony and requiring Dr. Wood to provide medical insurance which would terminate only "upon the death of the Petitioner or the death of the Respondent, whichever is the first to occur." Since we are remanding the equitable distribution award for reconsideration, the alimony award should also be reconsidered in light of Mrs. Wood's portion of marital property determined on remand. "The amount of property awarded in an equitable distribution may be an important factor in determining alimony." *Johnson v. Johnson, supra; Burgess v. Burgess,* 277 S. C. 283, 286 S. E. (2d) 142 (1982). We call the family court's attention to the fact that Dr. Wood complains of the duration of the alimony and medical insurance awards. On remand, the order should state that alimony and the award of medical benefits are subject to modification upon a showing of changed circumstances. *Brockington v. Brockington,* 277 S. C. 304, 286 S. E. (2d) 381 (1982). Consequent to the remand of equitable divi-

sion, we remand for redetermination the alimony and medical benefits awards.

## III.

Finally, Dr. Wood argues the family court's $10,000.00 attorney fee award to Mrs. Wood is unsupported by the evidence. Since we are remanding the equitable distribution and alimony awards, we also remand the award of attorney fees for reconsideration in light of the results on remand and the evidence presented. *See, Holme v. Holme,* 287 S. C. 68, 336 S. E. (2d) 508 (Ct. App. 1985).

For the reasons stated above, all issues presented on appeal are

Remanded.

SANDERS, C. J., and GOOLSBY, J., concur.