1290

Judith Tomerlin WOOD, Respondent v. George Thomas WOOD, Appellant.
(378 S. E. (2d) 59)

Court of Appeals

*Moss, Dore & Kuhn,* Beaufort, *for appellant.*

*F. Mikell Harper* of *Harper & Harper,* Beaufort, and *Randall M. Chastain,* Columbia, *for respondent.*

Heard Jan. 18, 1989.

Decided Feb. 21, 1989.

CURETON, Judge:

This domestic case is on appeal for the second time. The issues are equitable distribution and attorney fees. We affirm as modified and remand for the family court to determine a payment schedule as indicated in Part I of this opinion.

The Woods were married in 1982. They lived together for several years before their marriage and had two children. They separated in 1984 and were divorced in 1985. This court remanded the prior decision of the family court for proper findings and determination of equitable distribution, alimony, and attorney fees. *Wood v. Wood*, 292 S. C. 43, 354 S. E. (2d) 796 (Ct. App. 1987). On remand, a hearing was held with testimony directed toward the valuation of certain marital assets. The family court valued the total marital estate at $577,298 and awarded Mrs. Wood the sum of $183,000 in cash. This amount was to be paid by Dr. Wood over a five-year period. The court also awarded her $5,000 in attorney fees and certain costs. Dr. Wood has challenged the valuation of certain assets, the apportionment of the marital estate, attorney fees, and costs. In a domestic action this Court has jurisdiction to find facts based upon its own view of the preponderance of the evidence. *Id.*

I.

The family court found the marital estate consisted of the marital residence, Dr. Wood's medical practice, the Evergreen Timberland investment, a profit sharing plan, the Logue Debentures investment, and the Lemon Island investment. Two other items, the ML Barge investment and the Governor's Road property, were also included but given a zero value. At oral argument counsel for Dr. Wood agreed to transfer to Mrs. Wood the Evergreen Timberland and Logue Debentures investments. This transfer was to be made with the understanding that no offset would be given to Dr. Wood for these items in the valuation and apportionment of the marital estate. Accordingly, we do not consider those items.

Dr. Wood argues the family court erroneously valued his medical practice. Mrs. Wood presented expert testimony directed toward estimating the goodwill of the

practice. The family court valued the tangible assets (equipment and accounts receivable) at $75,000 and the goodwill at $250,000 for a total valuation of $325,000. The South Carolina Supreme Court held goodwill in a business based upon the owner's future earnings is too speculative for inclusion in the marital estate. *Casey v. Casey*, 293 S. C. 503, 362 S. E. (2d) 6 (1987). This element of the valuation must be removed. We have reviewed the transcript of record in this second appeal and find little testimony from Dr. Wood or any other witness as to the value of the tangible assets. Our prior opinion stated Dr. Wood valued his practice at $68,000 to include equipment and collectible accounts receivable. *Wood*, 292 S. C. at 46, 354 S. E. (2d) at 798. We accordingly modify the valuation of the medical practice to $68,000.

The family court valued the marital residence at ■ $305,000 less a mortgage of $122,000. Testimony in the record indicates the residence was sold in May of 1986 for $250,000. The family court adhered to its previous valuation of the residence because it found as a fact the sale was a forced or distressed sale. Although Dr. Wood presently challenges the valuation of the marital residence our review of our previous opinion and the record in that case demonstrates he did not except to the valuation of the residence by the family court in its 1985 order. Our opinion in *Wood* referred to the valuation of specific items and the residence is not cited. The failure to challenge the valuation of the residence in the prior appeal forecloses Dr. Wood from challenging it now. We modify the valuation of the marital residence to conform to the finding in the 1985 order. At that time the family court valued the residence at $305,000 less two mortgages totaling $170,000 for a net equity value of $135,000.

The family court valued the profit sharing plan at $20,000. Counsel for Dr. Wood stipulated this was the value in 1985. He did not except to the inclusion of the plan in the marital estate. Finally, the parties stipulated to the value of the Lemon Island investment at $4,298.

Based upon our view of the evidence, we value the total marital estate at the sum of $227,298. The sum is derived from the inclusion of the following marital assets:

| Marital residence | $135,000 |
| Medical practice | $ 68,000 |
| Profit sharing plan | $ 20,000 |
| Lemon Island | $  4,298 |

Although the order does not explain how the court determined the apportionment of the marital estate it appears the family court found Mrs. Wood entitled to approximately one-third of the marital assets ($183,000 is one-third of $577,298). Our review of the record supports this apportionment. She contributed money from her own assets to the purchase of property. She worked in Dr. Wood's practice for some period of time. Further, although Dr. Wood has been suspended from the medical staff at Hilton Head Hospital, he is a board certified surgeon and is currently practicing family medicine. His capacity to obtain assets in the future is greater than that of Mrs. Wood. She is therefore entitled to the sum of $75,766 in cash representing a one-third share of the marital estate as determined by this Court from the appellate record. We remand this matter to the family court for it to determine the manner of payment to Mrs. Wood.

## II.

The family court awarded Mrs. Wood $5,000 in attorney fees and one-half of her costs. The award of attorney fees is a matter within the sound discretion of the trial judge and the award will not be disturbed on appeal absent an abuse of discretion. *Kneece v. Kneece*, 296 S. C. 28, 370 S. E. (2d) 288 (Ct. App. 1988). The same equitable considerations which apply to attorney fees also apply to costs. *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). Considering the record and the protracted nature of this case we find no abuse of discretion and affirm the family court as to attorney fees and costs.

The decision of the family court is affirmed as modified and remanded for determination as specified in Part I of this opinion.

Affirmed as modified and remanded.

SANDERS, C. J., and GARDNER, J., concur.