THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gateway Supply Company, Inc.,       
Appellant,
 
 
 

v.

 
 
 
Richland County School District One, Cleckley & McGee, Inc., Magdline Monroe and American Casualty Company of Reading, Pennsylvania,       
Defendants,
Of whom Richland County School District One is the,       
Respondent.
 
 
 

Appeal From Richland County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2005-UP-241
Submitted March 1, 2005  Filed April 6, 2005

AFFIRMED

 
 
 
Kimberly Allen Raber, of Columbia, for Appellant.
William D. Robertson, III, of Columbia, for Respondent.
 
 
 

HEARN, C.J.:  Gateway Supply Company, Inc., asks this court to re-examine its quantum meruit claim against Richland County School District One.  The trial court entered judgment in favor of the District, declining to award Gateway Supply the value of plumbing materials furnished to a subcontractor in the construction of Forest Heights Elementary School.  We affirm.[1]
FACTS
The District hired Cleckley & McGee, Inc. as general contractor for the construction of Forest Heights Elementary School.  Cleckley & McGee subcontracted the plumbing work on the building to Mark Monroe.  Monroe installed plumbing fixtures, which were sold to him on credit by Gateway Supply, based on a credit application and guaranty agreement signed by Monroe and his wife, Magdline.  However, Monroe discontinued his plumbing business and did not pay Gateway Supply the $83,500 he owed for the fixtures. 
Gateway Supply notified the District of Monroes unpaid bill and of its claim against the payment and performance bond.  The District did not respond to Gateway Supplys notice.  However, when the school was completed, the District paid Cleckley & McGee in full.  At the time Gateway Supply notified the District of its claim, Cleckley & McGee owed Monroe $44,369 on the subcontract.  The District paid a total of $550,622 to Cleckley & McGee after Gateway notified the District of its claim. 
Gateway Supply sued Cleckley & McGee to recover under the payment a performance bond it posted for the project.  Gateway Supply recovered $38,533, its pro rata share of the amount owed to Monroe by Cleckley & McGee at the time Gateway Supply furnished its notice.  Gateway Supply also sought to recover from Magdline on her personal guaranty.[2]  Magdline never answered the complaint, and the circuit court issued a default judgment against her for $68,511.79, which represents the balance for materials installed at the school, $5,225 in interest, and $18,000 in attorneys fees and costs. 
Gateway Supply also claimed breach of contract and sought damages based on quantum meruit against the District.  The circuit court dismissed the breach of contract claim but permitted the quantum meruit claim to go forward.  The parties stipulated to the facts, and after trial, the circuit court entered judgment in favor of the District.  This appeal followed.
STANDARD OF REVIEW
 Quantum meruit is an equitable remedy.  Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 8, 532 S.E.2d 868, 872 (2000).  In an action in equity, tried by the judge alone, without a reference, the appellate court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.  Doe v. Clark, 318 S.C. 274, 276, 457 S.E.2d 336, 337 (1995).  This broad scope of review does not require the appellate court to disregard the findings of the trial court.  In re Thames, 344 S.C. 564, 571, 544 S.E.2d 854, 857 (Ct. App. 2001).  Also, the appellant is not relieved of its burden of convincing this court that the circuit court committed error in its findings.  Pinckney v. Warren, 344 S.C. 382, 387-88, 544 S.E.2d 620, 623 (2001).  When this court is sitting in equity, we are to consider the equities of both sides, balancing the two to determine what, if any, relief to give.  See Foreman v. Foreman, 280 S.C. 461, 464-65, 313 S.E.2d 312, 314 (Ct. App. 1984).
LAW/ANALYSIS
Gateway Supply argues the circuit court erred in dismissing its quantum meruit claim.[3]  Specifically, Gateway Supply contends that the Districts retention of the plumbing fixtures was unjust because the District made payments to Cleckley & McGee after Gateway gave notice of Monroes unpaid bill.  We disagree. 
To recover under a quantum meruit theory, the following elements must be demonstrated: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value.  Columbia Wholesale Co. v. Scudder May N.V., 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994) (citations omitted); see also Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 341 S.C. 1, 9, 532 S.E.2d 868, 872 (2000) (adopting the quantum meruit test set forth in Scudder May).   Courts addressing a claim of unjust enrichment by a subcontractor against a property owner have typically denied recovery where the owner in fact paid on its contract with the general contractor.  Scudder May, 312 S.C. at 262, 440 S.E.2d at 131 (citations omitted).[4]
In this case, although Gateway Supply conferred a benefit on the District, and the District realized that benefit, Gateway Supply has not indicated how the District is retaining the benefit under conditions that make it unjust to do so without paying its value.  
South Carolina law provides for suits on payment bonds by remote claimants in the Mechanics Lien statute for private construction contracts and in the Procurement Code for state construction contracts.  See S.C. Code Ann. §§ 29-5-440 (Supp. 2004) (providing for a suit on payment bond under the Mechanics Lien chapter for every person who has furnished labor or materials to a bonded contractor or its subcontractor who has not been paid in full) and 11-35-3030(2)(c) (Supp. 2004) (providing for a suit on payment bond under the Procurement Code for every person who has furnished labor or materials to a bonded contractor or its subcontractor who has not been paid in full).  In both the private and public sector, a remote claimant, such as Gateway Supply, ensures the right to collect on the bond by giving notice to the contractor.  See id.  However, only in the law applying to mechanics liens has the legislature provided that a lienholder shall be preferred to a contractor.  See S.C. Code Ann. § 29-5-50 (Supp. 2004) (Any person claiming a lien under the provisions of this chapter who shall have given notice . . . shall be entitled to be paid in preference to the contractor. . . and no payment by the owner to the contractor thereafter shall operate to lessen the amount recoverable by the person so giving the notice.). 
In this case, Cleckley & McGee was awarded the construction contract under the Procurement Code.  See S.C. Code. Ann. § 11-35-3010 (Supp. 2004). Gateway Supply was required to send notice to Cleckley & McGee to collect on the payment and performance bond.  However, the notice does not require the District to pay Gateway Supply before paying Cleckley & McGee.  Compare S.C. Code Ann. § 11-35-3010 to -3060 with S.C. Code Ann. § 29-5-50.   
Therefore, in balancing the equities, we find the District properly paid for the plumbing materials by satisfying its contract with the general contractor, Cleckley & McGee.  Moreover, it was Gateway Supply that made the decision to sell the plumbing fixtures on credit to Monroe.  It would be inequitable to hold the District liable for Gateway Supplys extension of credit.  Finally, we find Gateway Supply received its pro rata share of the bond claim and has a judgment against Magdline Monroe for the unpaid portion of its claim, interest, and attorneys fees.  Whether or not Gateway Supply can collect on its judgment against Magdline does not require a determination that the Districts retention of the plumbing supplies was unjust.  To the contrary, Gateway Supply has a valid judgment in satisfaction of the entire amount it is due; thus, we find it would be unjust to entitle Gateway Supply to a potential double recovery.  
Accordingly, because the equities favor the District, the order of the circuit court is
 AFFIRMED.
 KITTREDGE and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Mark Monroe filed bankruptcy, and his liability to Gateway Supply was presumably discharged.  
[3] Gateway Supply presented six issues on appeal arguing the trial court erred in entering judgment in favor of the District, each concerning specific findings of the trial court.  Because our scope of review permits us to find facts in accordance with our own view of the preponderance of the evidence, we decline to separately address each issue presented by Appellant.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues win disposition of prior issues is dispositive).
[4] Gateway Supply argues the trial court erred in relying on Scudder May because it involved a private sector quantum meruit claim, not a public sector quantum meruit claim as in the present case.  We do not find this distinction conclusive because whether the claims are public or private under statutory law is merely one element relevant in balancing the equities, as discussed below.  See Foreman v. Foreman, 280 S.C. 461, 464-65, 313 S.E.2d 312, 314 (Ct. App. 1984) (stating that the appellate court, sitting in equity, is to consider the equities of both sides, balancing the two to determine what, if any, relief to give).