THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Rae Ann
 Valentine Cauble, Respondent,
 v.
 Winston Reid
 Cauble, Appellant.
 
 
 

Appeal From Darlington County
James A. Spruill, III, Family Court Judge
Unpublished Opinion No. 2010-UP-377
Submitted June 1, 2010  Filed July 28,
 2010
AFFIRMED

 
 
 
 Rob F. Gardner and J. Anthony Floyd, of Hartsville, for Appellant.
 Nancy H. Bailey, of Florence, for Respondent.
 
 
 

PER CURIAM:  This
 is an appeal of a divorce decree.  Winston Reid Cauble (Husband) alleges the
 family court erred in (1) awarding Rae Ann Valentine Cauble (Wife) an equitable
 interest in the proceeds obtained from the sale of a home that Husband
 inherited from his mother, (2) awarding Wife an equitable interest in a portion
 of a business allegedly owned by a third party, (3) requiring Husband to pay
 one-half of the expenses incurred by Wife in hiring an accountant for this
 lawsuit, and (4) refusing to give Husband credit for funds he claimed to have
 paid for Wife and the parties' minor child while this matter was pending.  We
 affirm.[1]
The
 parties married in 1980 and separated in December 2005.  They have one son, who
 was born in 1989.  During the marriage, they acquired ownership interests in
 two businesses.  The first business, W&A Associates, was a mobile home
 dealership that, as of the time this lawsuit was filed, was in Wife's name.  After
 the parties separated but before this action was filed, Husband had Wife place funds
 from the sale of his deceased mother's home into a bank account that was in the
 name of W&A Associates.  The other business, M&R Development, was a
 corporation dealing in modular homes and land sales.  Husband purportedly owned
 fifty-one percent of the stock of M&R Development, and a third party,
 Marcus Tanner, was reflected on corporate records as the owner of the remaining
 forty-nine percent.  
While
 this action was pending in the family court, Husband continued to pay his own
 bills and numerous expenses for the parties' child, including private school
 tuition and contributions to a capital campaign building fund, from business
 accounts.  Also during that time, Husband made payments on Wife's vehicle and,
 according to him, paid $22,000 from an account owned by M&R Development to
 settle a lawsuit.
In the
 final decree, the family court granted the parties a divorce on the ground of a
 one-year separation.  The court found it did not need to resolve any issues
 regarding the parties' child, who was nearly eighteen and would be graduating
 from high school.  The court noted (1) the child lived primarily with Wife and
 visited Husband on a regular basis and (2) Husband agreed to continue paying
 for the child's health and automobile insurance.  As to the marital property,
 the court found the parties were entitled to a fifty-fifty division.  To effect
 the distribution, the court identified various marital assets, which it awarded
 to Wife, including a cash payment of $132,277.  The family court also ordered
 Husband to pay half of the fee charged by a forensic accountant hired by Wife
 for the case.  Pursuant to Husband's motion to alter or amend, the family court
 made minor corrections to the decree and added language for purposes of
 clarification, but denied further relief to Husband.  Husband then filed this
 appeal.
1.  Husband first claims
 the family court erred in awarding Wife fifty percent of the proceeds from the
 sale of the home that he inherited from his mother, noting (1) the home was
 titled solely in his name from the time he inherited it, which preceded the
 birth of the parties' child, and (2) there was no debt service associated with
 the home during the parties' marriage, and (3) the funds remained traceable.  We
 find no error.
Husband is correct that inherited property
 is nonmarital.  S.C. Code Ann. § 20-3-630(A)(1) (Supp. 2009).  We also agree
 with him that the proceeds from the sale of his mother's home are likewise
 prima facie nonmarital because they constitute "property acquired . . . in
 exchange for [inherited property]."  Id. § 20-3-630(A)(3).  The family court, however, placed great emphasis on
 the fact that instead of putting the sales proceeds into an account in his own
 name, Husband had Wife place the funds into a bank account that was in the name
 of W&A, a corporation in which she was the sole record owner.  The court
 likewise found that "by doing this, the Husband made this marital property
 and . . . should not be given additional credit."  The court further found
 Husband took these steps to obtain a tax advantage and concluded that
 "[i]f it should be honored by the IRS, it should likewise be recognized by
 this Court."  Husband does not challenge this reasoning in his brief.  Moreover,
 even the absence of any commingling is not dispositive of the question of
 whether a nonmarital asset has been transmuted into marital property.  See Peterkin v. Peterkin, 293 S.C. 311, 312, 360 S.E.2d 311, 312 (1987)
 (recognizing that property inherited by a spouse may become transmuted into
 marital property); Hussey v. Hussey, 280 S.C. 418, 423, 312 S.E.2d 267,
 270-71 (Ct. App. 1984) (stating the nonmarital character of inherited property
 may be lost and the property may become subject to equitable division
 "when the property becomes so commingled as to be untraceable; is utilized
 by the parties in support of the marriage; or is titled jointly or otherwise utilized in such manner as to evidence an intent by the parties to
 make it marital property") (emphasis added).
2.  The family court found
 the bank accounts in the name of M&R Development were marital property and
 divided them equally between Husband and Wife.  In contrast, the court found half
 of the real estate belonging to M&R Development was actually owned by Marcus
 Tanner.  Husband takes issue with the inclusion of the bank accounts in the
 marital estate, arguing the family court should not have divided them between
 the parties without making Tanner a party to the action.  We disagree.
In Sexton v. Sexton, 298 S.C. 359,
 361-62, 380 S.E.2d 832, 834 (1989), the South Carolina Supreme Court held that
 "when property is alleged to be marital property, but is owned by a third
 party, the Family Court has the subject matter jurisdiction to join all persons
 with a possible interest in the property as parties to the action and to
 determine if the property constitutes marital property as defined in  §
 20-7-473 [now § 20-3-630]."  Here, however, Tanner's ownership interest in
 the business was not immediately apparent.  First, the tax returns of M&R
 Development, which were proffered by Wife, showed Husband owned one hundred
 percent of the stock of the corporation.  Furthermore, during discovery, Husband
 failed to produce the corporate records supporting his assertion about Tanner's
 ownership interest; rather, he offered them over Wife's objection when the
 trial was already underway.  In addition, Husband does not take issue with the
 family court's finding that he transferred money back and forth between
 accounts held by both family businesses as well as his personal accounts, essentially
 treating the business as solely his own.  Finally, Husband himself could have moved
 to make Tanner a party to the action or called him as a witness, but never
 attempted to do either of these.  Under these circumstances, we are reluctant to disturb the family
 court's decision to treat the accounts of M&R Development as marital
 property.  See Shearer v. DeShon, 240 S.C. 472, 484, 126 S.E.2d
 514, 520 (1962) ("Ordinarily, one cannot complain of an error which his
 own conduct has induced.").
3.  The family court
 declined to award attorney's fees to either party; however, it ordered Husband
 to pay one-half of the fees Wife incurred for the services of a forensic
 accountant whom she had hired for this action.  Husband argues this directive
 should be reversed because (1) it was inconsistent with the family court's
 refusal to award attorney's fees to either party, and (2) the family court
 failed to make any specific findings that would justify holding him jointly
 responsible for this expense.  We disagree.
The same equitable considerations that apply to
 attorney's fees also apply to costs, i.e., such awards are within the sound
 discretion of the family court.  Doe v. Doe, 370 S.C. 206, 220, 634
 S.E.2d 51, 59 (Ct. App. 2006); Wood v. Wood, 298 S.C. 30, 33, 378 S.E.2d
 59, 61 (Ct. App. 1989).  Even if the family court's findings of fact on an
 issue are insufficient, this Court may make its own findings according to the
 preponderance of the evidence if the record is sufficient.  Bowers v. Bowers,
 349 S.C. 85, 98-99, 561 S.E.2d 610, 617 (Ct. App. 2002).
Husband himself acknowledged in his brief
 that the court noted "the accountant partially benefitted the Husband in
 that she compiled and organized information that assisted the Court in making
 the division."  He does not challenge the court's finding that the
 complicated nature of the case warranted the assistance of an accountant to
 calculate the valuations and did not hire his own accountant for this purpose. 
 The family court also noted Husband was at times uncooperative in furnishing
 information in a timely manner, making valuations more difficult than
 necessary.  Under these circumstances, we find no abuse of discretion in
 ordering Husband to pay one-half of the forensic accountant's fees.
4.  Finally, Husband
 argues the family court erred in not giving him credit for funds he paid for
 the benefit of Wife and the parties' child while the matter was pending in the
 family court.  He contends each payment was made from the marital estate after
 the initiation of the action and should have been reflected in the equitable
 division of the marital property.  It is his position that the payments he made
 on behalf of the parties' child should have been evenly divided between the
 parties, giving him an offset for one-half of the corresponding amounts.  He
 further contends he is entitled to an offset of the entire amount of any
 vehicle payments he made on Wife's behalf after the commencement of this action. 
 Finally, he maintains that $22,000 allegedly paid from an M&R Development account
 to settle a lawsuit should have been deducted from the total marital estate. 
 We reject these arguments.
First, the expenses on behalf of the
 parties' child were paid from marital funds; furthermore, Husband did not pay
 regular child support.  We therefore agree with the family court's decision to
 consider these payments to be voluntary contributions by Husband for the
 support of the child.  See S.C. Code Ann. § 20-3-620(B)(14) (Supp. 2009)
 (including "child custody arrangements and obligations at the time of the
 entry of the order" as factors in equitable apportionment decisions); King
 v. King, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009) ("The
 appellate court looks to the overall fairness of the apportionment.").  Second,
 Husband paid his own personal expenses as well as Wife's vehicle payments from marital
 funds; therefore, under his reasoning, if he is entitled to a credit for her
 expenses, she would be entitled to a credit on his expenses.  Finally, Wife
 acknowledged only that she had some nonspecific knowledge about a lawsuit; and,
 as the family court explained in its order on reconsideration, Husband produced
 no documentation about the alleged settlement or its terms.  We therefore find
 no reason to reverse the family court's refusal to make the requested
 adjustments.  See Wooten v. Wooten, 364 S.C. 532, 542, 615 S.E.2d
 98, 103 (2005) ("The apportionment of marital property is within the
 discretion of the family court and will not be disturbed on appeal absent an
 abuse of discretion.").
AFFIRMED.
FEW, C.J., THOMAS and PIEPER, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.