**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Essie Simmons, Respondent,

v.

Rubin Simmons, Appellant.

Appellate Case No. 2013-002243

Appeal From Charleston County
Judy L. McMahon, Family Court Judge

Unpublished Opinion No. 2015-UP-522
Heard September 9, 2015 – Filed November 18, 2015

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

John D. Elliott, of the Law Office of John D. Elliott, P.A., of Columbia, for Appellant.

Paul E. Tinkler, of the Law Office of Paul E. Tinkler, of Charleston, for Respondent.

**PER CURIAM:** In this appeal from the family court, Rubin Simmons (Husband) argues the court erred in (1) ordering him to pay Essie Simmons (Wife) retroactive alimony and retirement benefits, as well as monthly permanent periodic alimony

and a portion of Husband's retirement benefits; (2) awarding Wife attorney's fees when insufficient evidence exists to support an award; and (3) vacating a prior order in which the family court granted Husband's motion to compel a DNA test of the parties' adult son. We affirm in part, reverse in part, and remand.

1. As to whether the family court erred in ordering Husband to pay Wife retroactive alimony and retirement benefits, as well as monthly permanent periodic alimony and a portion of Husband's retirement benefits, we find the awards were fair and appropriate under the facts and circumstances of this case. *See Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) ("In reviewing appeals from the family court, an appellate court may find facts in accordance with its own view of the preponderance of the evidence."); *Browder v. Browder*, 382 S.C. 512, 519, 675 S.E.2d 820, 823 (Ct. App. 2009) ("[I]t is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded."); S.C. Code Ann. § 20-3-130(C) (2014) (listing factors the family court must consider when making an award of alimony); § 20-3-130(B)(6) (authorizing an award of "[s]uch other form of spousal support, under the terms and conditions as the court may consider just, as appropriate under the circumstances"); *Patel v. Patel*, 359 S.C. 515, 531, 599 S.E.2d 114, 122 (2004) (holding wife was entitled to retroactive alimony when alimony was awarded on remand); S.C. Code Ann. § 20-3-620(B) (2014) (providing factors the family court must consider in apportioning marital property in equitable distribution); *Doe v. Doe*, 370 S.C. 206, 214, 634 S.E.2d 51, 56 (Ct. App. 2006) ("While there is certainly no recognized presumption in favor of a fifty-fifty division, we approve equal division as an appropriate starting point for a family court judge attempting to divide an estate of a long-term marriage.").

2. As to whether the family court erred in awarding attorney's fees to Wife, we are unable to find sufficient evidence in Wife's attorney's fee affidavit or the record to justify the award. Accordingly, we reverse and remand to the family court with instructions for the court to specifically address each of the required factors in its findings of fact and determine an award that is supported by the evidence. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (holding when determining whether to award attorney's fees, the court should consider the following factors: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding when determining the reasonableness of a fee award, the court should

consider the following factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534–35 (Ct. App. 1998) (holding the family court must make specific findings of fact on the record for each of the required *Glasscock* factors); *McKinney v. Pedery*, 413 S.C. 475, 489–90, 776 S.E.2d 566, 574 (2015) ("If, on appeal, there is inadequate evidentiary support for each of the factors supporting the family court's decision, the appellate court should reverse and remand so the [family] court may make specific findings of fact."); *Griffith*, 332 S.C. at 643–47, 506 S.E.2d at 533–35 (holding an attorney's fee affidavit consisting of two paragraphs listing in "summary form that the . . . attorney expended 57.5 hours on the case at the rate of $175 per hour, for a total attorney's fee of $10,062.50" was insufficient for the family court to make a finding of reasonableness); *Johnson v. Johnson*, 288 S.C. 270, 277–78, 341 S.E.2d 811, 816 (Ct. App. 1986) (holding a half-page statement of the estimated ninety hours devoted to the case, coupled with vague testimony of the attorney as to his time and labor, was insufficient to support the attorney's fees awarded by the family court).

3. As to whether the family court erred in vacating a prior order in which the court granted Husband's motion to compel a DNA test of the parties' adult son, we affirm. The family court gave four sound legal justifications for vacating its order. Husband has offered no compelling case law to overturn the court's ruling in light of its justifications, particularly given our standard of review. *See Ex parte Morris*, 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006) ("[T]he appellate court's broad scope of review does not relieve the appellant of the burden of showing that the family court committed error.").

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**