20955

George RICHARDSON, Appellant, v. Frank McGILL, Respondent.
(255 S. E. (2d) 341)

*Stevens, Stevens & Thomas,* Loris, *for appellant.*

*Wallace D. Connor,* Kingstree, *for respondent.*

May 14, 1979.

LEWIS, Chief Justice:

The question for decision in this action for slander is whether the lower court committed error in granting respondent's motion for summary judgment on the ground that the alleged slanderous statements made by respondent con-

cerning appellant were made on an absolutely privileged occasion.

On September 23, 1975, when the alleged slanderous statements were made, respondent was a member of the Williamsburg County Legislative Delegation, composed of Senator LaNue Floyd, with respondent and B. J. Gordon, as Members of the House of Representatives. Appellant was Director of the Williamsburg County Recreation Department which was under the immediate supervision of the Williamsburg County Recreation Commission. At the request of a member of the Legislative Delegation a joint meeting between the Delegation and the Commission was held in the office of Senator Floyd on the night of September 23, 1975, at which only appellant, members of the Legislative Delegation and the Recreation Commission were present. While some mention was made in the testimony to the possible presence of two other individuals at the meeting, there was no proof of probative value of their presence and the conclusion of the trial judge that the meeting was attended only by the members of the Delegation, the Commission, and appellant is conclusively sustained by the record.

The foregoing private meeting between the participants was called for the purpose of discussing appellant's performance as Director of the Recreation Commission. In the course of this meeting, it is alleged that respondent uttered the following defamatory statements about appellant:

That people are dissatisfied with George Richardson [appellant], that he is incompetent.

That he was going with the women in the Department and no woman would be hired unless George Richardson could go to bed with them and as a result he would hire no married women.

This action was brought to recover damages for the alleged slanderous statements. Respondent interposed a general denial and alleged that, if the statements were made,

they were made on a privileged occasion in a meeting between the Williamsburg County Legislative Delegation and the Williamsburg County Recreation Commission concerning matters within his official duties as a legislator. The lower court granted respondent's motion for summary judgment, holding that the statements were made in the course of his official duties and were absolutely privileged. This appeal is from the order for summary judgment. We affirm.

No contention is made that the alleged statements would not have been defamatory; and it is conceded, in effect, that summary judgment for respondent can be sustained only on the basis that the alleged defamatory remarks were absolutely privileged.

Privileged communications in the law of libel and slander are either *absolute* or *qualified*. "When the communication is absolutely privileged, no action will lie for its publication, no matter what the circumstances under which it is published. When qualified, however, the plaintiff may recover if he shows that it was actuated by malice." *Bell v. Bank of Abbeville*, 208 S. C. 490, 38 S. E. (2d) 641.

While the court stated in *Fulton v. Atlantic Coast Line Railroad Co.*, 220 S. C. 287, 67 S. E. (2d) 425, that "the class of absolutely privileged communications is narrow, and practically limited to legislative and judicial proceedings and acts of State," our decisions show that application of the absolute privilege has not been so narrowly restricted. Judge Russell, in *Corbin v. Washington Fire and Marine Insurance Co.*, 278 F. Supp. 393, citing a decision and review of our cases by the late Judge Wyche in *Johnson v. Independent Life & Accident Ins. Co.*, 94 F. Supp. 959, stated the general principle that privilege in libel or slander is based on considerations of public policy and correctly set forth the general rule governing the application of the absolute privilege in this State, as follows:

While there has been some tendency in the decisions to narrow the absolute privilege, restricting it generally 'to legislative and judicial proceedings and acts of State,' the courts of South Carolina have recognized 'occasions other than those comprising strictly legislative or judicial proceedings,' where, under considerations of public policy, absolute privilege has been upheld.

It is thus clear that unqualified privilege does not depend on the rigid requirement of a strictly legislative or judicial proceeding; its limits are fixed rather by considerations of public policy.

A sound public policy has long recognized an absolute immunity of members of legislative bodies for acts in the performance of their duties. Accordingly, an absolute privilege is recognized as to defamatory statements made by legislators in the course of their functions, if such statements are connected with, or relevant or material to, the matter under inquiry. 50 Am. Jur. (2d), Libel and Slander, Section 223; Annotations: 40 A. L. R. (2d) 941, 26 A. L. R. (3d) 492, 497; Prosser, Law of Torts, 4th ed. p. 781.

Appellant recognizes the general principles governing the application of the doctrine of absolute privilege to the actions of legislators, but asserts that respondent failed to show that he qualified for this protection, *i. e.,* that he was engaged in a legislative duty or process at the time the defamatory statements were made. Thus, the question to be resolved is whether respondent's statements had some relation to, or were part of his duties as a member of the Legislature from Williamsburg County. If they were, the lower court properly held that they were absolutely privileged.

We think that, as a member of the legislative delegation from Williamsburg County, respondent had an official interest in the proper operation of the county government and its agencies, including that of the Williamsburg County Recreation Commission.

At the time the alleged statements were made in 1975 by respondent, Williamsburg County was operating under the Commission form of government and the legislative delegation was responsible for the appropriation of County funds. The members of the Recreation Commission were appointed upon recommendation of the legislators; and were required, under Act 191 (1971), Section 7, to file a report of its operations with the legislative delegation. The statute provides:

The Commission shall conduct its affairs on the fiscal year basis used by Williamsburg County. As shortly after the close of its operating year as may be practicable, the Commission shall compile a report of its operations, expenditures and activities and shall file such report with the clerk of court and the county legislative delegation.

The duty to appropriate funds for the operation of the county government and the requirement that the Recreation Commission file a report with the legislative delegation imposed some general duty upon respondent, as a legislator, to review the performance of the Commission and its employees. The matters under inquiry at the meeting in question were of public concern and, in view of the then relationship between the legislative delegation and the county government, related to the discharge of the responsibilities of the legislative delegation. Under the present facts, public policy mandated that legislators be permitted to pursue reports of incompetent or illegal behavior involving appointed county personnel without the necessity of having to justify their actions in a suit for defamation.

Therefore, the alleged defamatory statements were uttered (1) at a meeting attended only by the legislative delegation, the members of the Recreation Commission, and appellant; (2) by respondent, a member of the legislative delegation; and (3) concerning a matter related to legislative duties and, in which, all present had an official interest. The trial judge properly granted summary

judgment on the ground that the alleged defamatory statements were made on an absolutely privileged occasion.

Judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.