23034

Pamela JOHNSON, Dorothy Langston and Lelia Bellamy, Appellants v. HORRY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.

In re Ashley JOHNSON (2 months of age) Sherwood Antonio Johnson, D.O.B. 8-11-83 Minor Child(ren) Under the Age of Eighteen (18) Years.

(380 S.E. (2d) 830)

Supreme Court

*Winston D. McIver*, of *McIver and Graham*, Conway, *for appellants.*

*O. Terry Beverly*, Conway, *for Children.*

*Virginia W. Batson*, of *S. C. Dept. of Social Services*, Columbia, *for respondent.*

Heard Apr. 3, 1989.

Decided June 9, 1989.

GREGORY, Chief Justice:

This is an appeal from a family court order denying the withdrawal of consent to a termination of parental rights. We affirm.

Appellant Pamela Johnson consented to the termination of her parental rights as to Ashley and Tony Johnson on July 17, 1987, approximately three weeks after being sentenced to jail on charges of child neglect. Respondent DSS had custody of Tony since March 5, 1986, and of Ashley since January 25, 1987, pursuant to child neglect charges. On September 23, 1987, Johnson filed a petition to withdraw her consent to the termination, alleging that her consent was obtained through coercion and duress. Appellant Langston, a foster parent who kept Ashley during the time of DSS custody, and appellant Bellamy, Johnson's grandmother, who kept Tony during the time of DSS custody, joined in the petition requesting they each regain temporary custody if consent were withdrawn.

Because this proceeding was in equity, heard by the trial judge alone, this Court's scope of review extends to the findings of facts based on its own view of the preponderance of the evidence. *Phillips v. Baker*, 284 S. C. 134, 325 S. E. (2d) 533 (1985); *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The standard for revoking consent to the termination of parental rights is set out in S. C. Code Ann. § 20-7-1720 (Supp. 1988). For consent to be withdrawn the court must find that withdrawal is in the child's best interest and that consent was not voluntary or was obtained under duress or through coercion.

The trial judge found that consent was voluntarily given. This is clearly supported by the evidence. Johnson had an eleventh grade education and was able to understand the documents she was signing. She was not under the influence of incapacitating drugs at the time of consent nor was she in any unusual emotional state. She had no legal counsel present; however, representation is not required and there is no indication she requested counsel. Furthermore, the consent documents contain provisions dated and initialed by Johnson that her consent was freely given and not a product of coercion or duress. We find no error in the trial judge's finding of voluntariness.

Moreover, the record indicates that revocation of consent would not be in the children's best interest. The testimony shows that Johnson was incapable of caring for her children in the past due to drug abuse, insufficient parenting skills, and voluntary unemployment. She twice failed to cooperate with DSS in counseling plans designed to rehabilitate her and reunite the family. She was still incapable of having custody returned to her at the time of the hearing below. Conversely, the children have now been placed together with a relative for adoption. If consent is not revoked, the children will be reared together in a stable and loving home.

We therefore conclude from a review of the evidence that withdrawal of consent would not be in the children's best interest.

Accordingly, the order of the family court is

Affirmed.

HARWELL, CHANDLER, FINNEY, and TOAL, JJ., concur.