### 23335

Deborah SHIELDS and Michael Shields, Administrators of the Estate of Eric Shields, Deceased, Respondents v. MARTIN MARIETTA CORPORATION and the City of Cayce, South Carolina, Appellants.

(402 S.E. (2d) 482)

Supreme Court

*James M. Brailsford, III*, of *Robinson, McFadden & Moore*, Columbia, *for appellant Martin Marietta Corp.*

*Frederick A. Gertz*, of *Gertz & Moore*, Columbia, *for appellant City of Cayce.*

*Timothy G. Quinn*, of *Ellison, Quinn & Alley*, Columbia, and *Jean Perrin Derrick*, Lexington, *for respondents.*

Submitted Dec. 14, 1990.

Decided Feb. 4, 1991.

*Per Curiam:*

Martin Marietta Corporation (Martin Marietta) and the City of Cayce (City) appeal an Order restoring Respondents' (The Shields) wrongful death and survival actions to the active docket.

We dismiss the appeal without prejudice.

## FACTS

In 1983, the Shields' 27 month old son, Eric, drowned in flood waters which had accumulated in his yard. The Shields instituted these actions in February, 1984, alleging that various acts and omissions of Martin Marietta, City and a third defendant, Owen Electric Steel, Inc. (Owen), combined to cause the flooding.

When the Shields settled with Owen in October, 1984, the cases were stricken from the trial roster pursuant to former Circuit Court Rule 81.[1] In December, 1984, the trial court (1) granted Martin Marietta's motion to strike a strict liability cause of action, and (2) allowed the Shields 30 days to amend their complaints. In January, 1985, the Shields filed amended complaints which were timely answered.

The cases remained dormant until May, 1989, when Martin Marietta and City filed motions to dismiss for lack of prosecution. These motions were denied. Thereafter, on December 28, 1989, the Shields' motion to restore the cases to the active docket was granted.

Martin Marietta and City appeal the Order restoring the cases.

## DISCUSSION

An intermediate/interlocutory order is immediately appealable only if it involves the merits of the case or affects a substantial right. S.C. Code Ann. § 14-3-330 (1976). Such orders are reviewable after final judgment. *Pendergrass v. Martin*, 275 S.C. 413, 272 S.E. (2d) 172 (1980).

Avoidance of trial is not a "substantial right" entitling a party to immediate appeal of an interlocutory order. *Blackwelder v. State Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. (2d) 777 (1983). The decision on a motion to restore the case to the active docket is not a final judgment and is interlocutory and, therefore, not immediately appealable. *Lucas v. St. Patrick's Roman Catholic Church Corp.*, 123 Conn. 166, 193 A. 204 (1937). *See, also, Governor's Grove Condominium Assoc., Inc. v. Hill Development Corp.*, 187 Conn. 509, 446 A. (2d) 1082 (1982).

Appeal dismissed without prejudice.

FINNEY, J., not participating.

---

[1] Current Rule 40(c)(3) S.C.R.C.P.