24232

John and Jane DOE, Respondents v. Wylanda CLARK, Appellant.
In re BABY BOY CLARK, A Minor Under the Age of One (1) Year.
(457 S.E. (2d) 336)

Supreme Court

*Douglas A. Churdar,* Greenville, *for appellant.*

*James Fletcher Thompson,* Spartanburg, *for respondents.*

Heard Nov. 15, 1994.

Decided Apr. 12, 1995.

FINNEY, Justice:

The appellant, Wylanda Clark, an unwed twenty-two-year old, signed a Consent/Relinquishment Form on January 25, 1994, purporting to release her parental rights prior to the birth of her child. The baby was born on January 30, 1994. Prior to leaving the hospital on January 31, 1994, Clark signed a hospital form consenting to an adoption and authorizing the hospital to deliver the infant to the attorney representing the prospective adoptive parents (the Does). The baby remained at the hospital. On February 1, 1994, when the attorney and the Does went to pick up the baby, they were told that Clark and her father were seeking to take the infant home with them. The infant was left at the hospital pending a hearing to determine to whom the child should be released. At the hearing on February 2, 1994, initiated by the Does, Clark stated that she had changed her mind and wanted to keep the baby. Clark was not represented by counsel nor was a guardian ad litem appointed for the infant.

The family court judge found that the consent form signed by Clark prior to the child's birth was valid and reaffirmed by subsequent releases and other documents signed by Clark prior to her release from the hospital. The judge refused to set aside Clark's consent and ordered the baby released for placement with the Does.

On March 10, 1994, a second hearing was held before the same family court judge pursuant to Clark's motion to void consent or, in the alternative, a motion to reconsider. Clark sought to set aside the original Consent/Relinquishment Form and have it declared void because it was signed prior to the birth of the child and lacked certain information required under the statute. The trial judge adhered to his prior order. Wylanda Clark appeals.

Clark asserts that S.C. Code Ann. § 20-7-1700 (Supp. 1993) implicitly requires that consent to adoption be executed after birth of the child. Section 20-7-1700(A)(3) provides that the consent or relinquishment form shall specify the date of birth, race, and sex of the adoptee and any names by which the adoptee has been known. Appellant contends that since this information cannot be ascertained until after birth, the statute implicitly requires that consent be obtained then. In this case,

the child's date of birth and sex were not recorded on the signed consent form.

While the legislature has not explicitly required that consent be obtained after birth, the Adoption Act implicitly contemplates that consent apply to a child in being. S.C. Code Ann. § 20-7-1690 (Supp. 1993) provides that consent is required of "the mother of a child born when the mother was not married." Consent is defined as the "informed and voluntary release in writing of all parental rights with respect to a child by a parent." S.C. Code Ann. § 20-7-1650(f) (Supp. 1993). A child is defined as any person under 18 years of age. S.C. Code Ann. § 20-7-1650(d) (Supp. 1993). In viewing the statutory language as a whole, we conclude the legislature intended that consent be obtained after birth of a child.

Because this proceeding was in equity, heard by the trial judge alone, this Court's scope of review extends to the finding of facts based on its own view of the preponderance of the evidence. *Johnson v. Horry County DSS*, 298 S.C. 355, 380 S.E. (2d) 830 (1989). Accordingly, we find the prebirth consent obtained in this case is invalid in view of the fact that appellant did not consent to relinquish her rights in accordance with § 20-7-1700 after the birth of her child. Because of he specific facts in this case, we do not decide here whether birth parent can ratify prebirth consent by subsequent acts. Clark initially signed a consent form only five days before giving birth and changed her mind two days after birth. She notified the hospital of her intention to keep the child prior to his release from the hospital to the adoptive parents. Accordingly, we find no ratification here and the trial judge is reversed.

Reversed.

CHANDLER, C.J., and TOAL and MOORE, JJ., concur.

WALLER, J., dissenting in separate opinion.

WALLER, Justice (dissenting):

I respectfully dissent.

Clark contends that § 20-7-1700(A)(3) requires a consent form containing the child's sex and date of birth be signed after the birth of the child. I agree with the majority that, ide-

ally, a consent form should be obtained after the birth of the child. However, to require absolute compliance with the technical terms of the statute when its conditions are otherwise met is, in my opinion, to elevate form over substance and defeat the very purpose for which the statute was enacted. In my view, the consent given here satisfies the purpose and policy of the statute.

Five days prior to the birth of her child, Clark signed a consent form which contains the following: the child's approximate due date and race; a statement that adoption is the child's best interests; and acknowledgment the consent to adoption is given freely and voluntarily, and is not given under duress; an acknowledgment the consent is final and cannot be withdrawn without a Court order finding the consent involuntary or under duress; and a specific consent to termination of Clark's parental rights in a proceeding by the adoptive parents.

Clark's baby boy was born on January 30, 1994. Upon her discharge from the hospital the following afternoon, Clark advised nurses and hospital officials that she wanted to leave the baby there. She signed a hospital form stating that she consented to the adoption of her child, and directing the hospital to deliver the child to the attorney for the adoptive parents. Clark then left the hospital.[1]

In my opinion, to now permit Clark to retract her consent due to a mere technical noncompliance with the statute elevates form over substance, and clearly cannot have been the intent of the legislature in enacting the statute. The purpose of the statute is to ensure that birth parents freely and voluntarily consent to relinquish their particular child, and do not do so under conditions of duress. Here, Clark's consent meets these requirements. The only technical defect complained of is that Clark did not sign the consent form after the birth of her child. Clark did, however, sign the hospital "Release of Infant" form after the birth of her child, consenting to the adoption of her particular baby boy, born on January 30, 1994. In my view, when coupled with the earlier consent form, this "Release" ratified the prior relinquishment form and fully complied with the requisites of § 20-7-1700(A)(3).

---

[1] The following day, when the adoptive parents went to pick up the infant, they were advised that Clark had changed her mind.

To permit a technicality to vitiate Clark's earlier consent, in my opinion, is to defeat the legislative intent for requiring consent. I would affirm the order of the Family Court.