622 S.E.2d 533

Mary P. BROWN, individually and in her capacity as Berkeley County Clerk of Court, Appellant/Respondent,

v.

The COUNTY OF BERKELEY, James H. Rozier, Jr., in his official capacity as Berkeley County Supervisor and Chairman of Berkeley County Council and individually; William E. Crosby, in his official capacity as Vice Chairman of Berkeley County Council and individually; Charles E. Davis, Steve C. Davis, Milton Farley, Dennis L. Fish, Judy C. Mims, Caldwell Pinkney, Jr., and Judith K. Spooner, each in their official capacity as Berkeley County Council members and individually, Defendants,

Of Whom The County of Berkeley, James H. Rozier, Jr., in his official capacity as Berkeley County Supervisor and Chairman of Berkeley County Council and individually; William E. Crosby, in his official capacity as Vice Chairman of Berkeley County Council and individually; Charles E. Davis, Steve C. Davis, Milton Farley, Dennis L. Fish, Caldwell Pinkney, Jr., and Judith K. Spooner, each in their official capacity as Berkeley County Council members and individually are, Respondents/Appellants,

and

Judy C. Mims is, Respondent.

No. 26062.

Supreme Court of South Carolina.

Heard Oct. 4, 2005.

Decided Nov. 14, 2005.

Margaret D. Fabri, of Charleston, for Appellant/Respondent.

D. Mark Stokes, of Moncks Corner, for Respondent/Appellant Berkeley County.

Sandra J. Senn and Stephanie P. McDonald, both of Charleston, for all other Respondents/Appellants.

James A. Stuckey, Jr., of Charleston, for Respondent Judy C. Mims.

Chief Justice TOAL:

This is an appeal from the trial court's refusal to grant a preliminary injunction preventing a "special audit" of the Berkeley County Clerk of Court's Office. The individual members of the Berkeley County Council cross-appeal the denial of their motion to dismiss Mary P. Brown's claims for defamation, defamation *per se,* and intentional infliction of emotional distress. This case was certified for review pursuant to Rule 204(b), SCACR. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

This is a dispute between branches of Berkeley County Government. Mary P. Brown (Brown) has served as the Berkeley County Clerk of Court (the Clerk) since being first elected to that office in 1983. Under South Carolina law, Berkeley County (the County) is subject to an annual financial audit conducted by independent and outside auditors. S.C.Code Ann. § 4–9–150 (Supp.2004). The outside financial audit for the fiscal year 2002–2003 began in early August, 2003.

In November of 2003, the outside auditor issued a financial report to the County. The auditor found no major instances of noncompliance, but did report some "immaterial instances of noncompliance." Over the course of the next few months, the auditor raised concerns regarding Brown's use of the county credit card, the reporting of interest earned on the Clerk's escrow accounts, and instances of payments to employ-

ees that may not have been reported on the proper federal tax forms. The auditor also observed that certain details of the Clerk's handling of discretionary funds, specifically funds collected by the issuance of professional or surety bondsman licenses, were not maintained in accordance with the applicable statutes. Throughout this process of investigation, the auditor maintained that these findings did not materially alter the November report. The auditor instead classified these findings as "opportunities for strengthening internal controls and operating efficiency."

The dispute in this case involves the actions of the Berkeley County Council (the County Council) during this same time period. In November of 2003, the County Council enacted a written request for Brown to produce financial documentation for the past two years regarding ten (10) county bank and credit card accounts. In reply to the County Council's request, Brown asserted that the County Council violated the Freedom of Information Act (FOIA) by authorizing the request to produce in a closed executive session. Brown additionally claimed that James H. Rozier, Jr., Supervisor and Chairman of the County Council, improperly accused Brown of misusing the county credit card. Following three months of discourse between the clerk's office and the County Council, the County Council enacted a resolution approving an "expanded audit [1]" of the clerk's office. Brown filed suit seeking, among other forms of relief, a preliminary injunction prohibiting the audit of the clerk's office, and damages against the County, the County Council, and the individual council members for defamation, defamation *per se*, and intentional infliction of emotional distress.

The trial court denied Brown's motion for a preliminary injunction, relying largely on the language of S.C.Code Ann. § 4–9–150.[2] The trial court found that the County Council was not free to interfere with the operation of the clerk's

---

1. The terms "special audit" and "expanded audit" are used interchangeably. The County Council's resolution calls for an "expanded audit," and the statute at issue, S.C.Code Ann. § 4–9–150 (Supp.2004), uses the term "special audit." Both terms refer to the same activity.

2. S.C.Code Ann. § 4–9–150 (Supp.2004) states that special audits may be provided for any agency receiving county funds as the governing body considers necessary.

office in a manner that was unreasonable, unduly burdensome, or of a harassing nature, but the trial court found no evidence of such action in this case.

In the same order, the trial court declined to dismiss the individual council members "at this early stage." The individual council members had moved for dismissal from the lawsuit citing the terms of the South Carolina Tort Claims Act and absolute legislative immunity.

Both parties appealed, and the following issues have been raised for review:

I.    Did the trial court err in denying Brown's request for a preliminary injunction to prevent the expanded audit?

II.   Did the trial court err in denying the individual council members' motion to dismiss?

## LAW/ANALYSIS

### I.   Brown's Request for a Preliminary Injunction.

Brown argues that the trial court erred in denying her request for a preliminary injunction. We disagree.

▆▆▆▆   Generally, actions for injunctive relief are equitable in nature. *Wiedemann v. Town of Hilton Head,* 344 S.C. 233, 236, 542 S.E.2d 752, 753 (Ct.App.2001). In equitable actions, the appellate court may review the record and make findings of fact in accordance with its own view of the evidence. *Doe v. Clark,* 318 S.C. 274, 276, 457 S.E.2d 336, 337 (1995). To obtain an injunction, a party must demonstrate a likelihood of success on the merits, irreparable harm, and the absence of an adequate remedy at law. *County of Richland v. Simpkins,* 348 S.C. 664, 669, 560 S.E.2d 902, 904 (Ct.App.2002).

▆▆▆▆   Brown claims that the special audit ordered by the County Council is invalid because the County Council did not articulate specific reasons why such an audit was necessary. The relevant portion of the code provides in part:

The council shall provide for an independent annual audit of all financial records and transactions of the county and any agency funded in whole by county funds and may provide

for more frequent audits as it considers necessary. *Special audits may be provided for any agency receiving county funds as the county governing body considers necessary.*

S.C.Code Ann. § 4–9–150 (Supp.2004) (emphasis added).

Clear and unambiguous words in a statute should be given their plain and ordinary meaning. *In re Vincent J.,* 333 S.C. 233, 235, 509 S.E.2d 261, 262 (1998) (*citing Gilstrap v. S.C. Budget and Control Bd.,* 310 S.C. 210, 423 S.E.2d 101 (1992)). In this case, the plain language of the statute unequivocally allows a county government to order special audits whenever the county government considers the audit necessary.

The instant case does not require this Court to look beyond the plain words of the statute and interpret the meaning of the phrase "considers necessary." The resolution adopted by the County Council clearly outlines (1) that the County Council has previously made requests for the Clerk to provide financial information, including documentation in support of certain financial transactions, (2) that the Clerk has refused to provide the requested documentation, (3) that the funds involved are public funds, and (4) that the County Council feels that the most appropriate method of ensuring the proper use of public funds is to request a special audit of the clerk's office. This constitutes the functional equivalent of articulating necessity, and no reasonable construction of the statute at issue could require the County Council to do more in the way of offering justification for a special audit. Were we to adopt the position advocated by Brown, our conclusion would inevitably be the same.[3] For this reason, we affirm the trial court's decision denying Brown's request for a preliminary injunction.[4]

---

3. Brown asks this Court to interpret § 4–9–150 to require the County Council to articulate why a special audit is necessary.

4. Brown also argues that through the special audit, the County Council is exerting improper control over the constitutionally created office of the Clerk of Court and that the Clerk's Office would be irreparably harmed by the auditor's "open ended and burdensome" demand for documents and information. We decline to address the issue of harm as the trial court's ruling on the temporary injunction is affirmed for reasons already stated.

## II. The Motion to Dismiss the Individual Defendants.

The individual council members argue that they should be dismissed from Brown's suit pursuant to the principle of absolute immunity and the terms of the South Carolina Tort Claims Act. We disagree and instead hold that the denial of the individual council members' motion to dismiss is not reviewable at this time.

It is well settled that an interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right. S.C.Code Ann. § 14–3–330 (Supp.2003); *Woodard v. Westvaco Corp.,* 319 S.C. 240, 243, 460 S.E.2d 392, 394 (1995); *Mid–State Distributors, Inc. v. Century Importers,* 310 S.C. 330, 334–35, 426 S.E.2d 777, 780 (1993); *Shields v. Martin Marietta Corp.,* 303 S.C. 469, 470, 402 S.E.2d 482, 483 (1991). To involve the merits of a case, the order must "finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Woodard,* 319 S.C. at 243, 460 S.E.2d at 394. To affect a substantial right, the order must "determine the action and prevent a judgment from which an appeal might be taken or discontinue the action." *Id.* We decide, then, whether the trial court's order denying the individual council members' motion to dismiss is an immediately appealable order.

Individual members of a local county council are not entitled to absolute immunity. *See Richardson v. McGill,* 273 S.C. 142, 146, 255 S.E.2d 341, 343 (1979) (noting that privilege depends not on rigid requirements but is determined by consideration of public policy). Furthermore, the trial court's denial of the individual council members' motion to dismiss does not preclude the individual council members from raising the issues presented in their motion at a later point in the case. *See Frazier v. Badger,* 361 S.C. 94, 101, 603 S.E.2d 587, 590 (2004) (stating that immunity under the Tort Claims Act is an affirmative defense that must be proved at trial); *Sanders v. Prince,* 304 S.C. 236, 240, 403 S.E.2d 640, 643 (1991) (stating that when a government employee's conduct constitutes actual malice, he is not entitled to immunity from suit).

The South Carolina Tort Claims Act provides "[n]othing in this chapter may be construed to give an employee of a

governmental entity immunity from suit . . . if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C.Code Ann. § 15–78–70(b) (2005). Were we to recognize that the individual members of the county council enjoyed absolute immunity from suit, the above statute would be meaningless. Additionally, the individual council members will be free to raise such issues as qualified immunity, qualified privilege, and the provisions of the Tort Claims Act, at later stages of this case. For these reasons, we hold that the denial of the individual council members' motion to dismiss is not presently reviewable.[5]

### CONCLUSION

We affirm the trial court's refusal to issue a preliminary injunction preventing a special audit of the Berkeley County Clerk of Court's Office. Because the grounds laid out in the County Council's resolution authorizing the special audit constitute the functional equivalent of articulating necessity, we need not answer the question of whether a county government must articulate necessity in authorizing a special audit under S.C.Code Ann. § 4–9–150 (Supp.2004).

Because the denial of the individual members of the Berkeley County Council's motion to dismiss is an interlocutory order and neither involves the merits nor affects a substantial right of the parties, we hold that this motion is not presently subject to appellate review.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

5. Courts have made a practice of accepting appeals of denials of interlocutory orders not ordinarily immediately appealable when these appeals are companion to issues that are reviewable. *Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 338, 574 S.E.2d 502, 512 (Ct.App. 2002) (*citing Morris v. Anderson County*, 349 S.C. 607, 610, 564 S.E.2d 649, 651 (2002)). In the instant case, however, the two issues argued on appeal (the denial of a preliminary injunction preventing a special audit and the denial of a motion to dismiss claims for defamation, defamation *per se*, and intentional infliction of emotional distress) lack a sufficient nexus or companionship to justify this Court's exercise of immediate appellate review.