631 S.E.2d 68

**PALMETTO PRINCESS, LLC, Respondent,**

v.

**GEORGETOWN COUNTY, Appellant.**

No. 26154.

Supreme Court of South Carolina.

Heard Feb. 14, 2006.

Decided May 22, 2006.

Jack M. Scoville, Jr., and John McIntyre Tolar, of Georgetown; William B. Regan and Frances I. Cantwell, of Regan and Cantwell, LLC, of Charleston, for appellant.

A. Camden Lewis and Arial E. King, both of Lewis, Babcock & Hawkins, LLP, of Columbia, for respondent.

Justice MOORE.

This is an appeal from a circuit court order granting respondent's (Palmetto Princess's) motion for summary judgment. We affirm.

### FACTS

In April 2004, Palmetto Princess brought a declaratory judgment action against appellant, Georgetown County (the County), on the grounds the County had exceeded its authority in passing two ordinances and that the ordinances violated the South Carolina Constitution. Palmetto Princess brought the action because it intended to run a gambling day cruise, also known as a "cruise to nowhere," out of the County, and the County's ordinances prevented such a business.

The County's first ordinance, Ordinance # 2002–12, provides, in pertinent part:

> No person shall open, keep, maintain, dock, moor, anchor or operate any gaming vessel within the corporate limits of the County, or suffer any gaming vessel to operate from any marina, terminal or marine facility within the corporate limits of the County for the purpose of embarking or disembarking persons whose intent is to use gambling devices or gambling facilities within the vessel.
>
> . . .
>
> Anyone violating this ordinance shall be guilty of a misdemeanor and shall be punished by the payment of a fine of up to five hundred dollars and be sentenced to a term of imprisonment of up to thirty days in jail.

The County's second ordinance, Ordinance # 2004–11, provides, in pertinent part:

> The manufacture, reconditioning, repair, sale, transportation, possession or use of any gambling device on any vessel on a day cruise is prohibited.
>
> . . .
>
> *Section 2.* By enacting this ordinance, County Council under the authority delegated to it by the South Carolina Legislature in S .C.Code Ann. Section 4–9–25, exercises the

authority granted the State of South Carolina by the Congress of the United States in 15 U .S.C. Section 1175(b)(2)(A)[1] and declares that Georgetown County is exempt from the provisions of 15 U.S.C. Section 1175(b)(1).

*Section 3.* This civil prohibition is adopted for the sole objective of having gambling day cruises remain a federal offense within Georgetown County, under 15 U.S.C. Section 1175, and not for the purpose of rendering such conduct a misdemeanor penalized under state law, and such prosecution is hereby prohibited.

Both parties filed for summary judgment. The circuit court granted Palmetto Princess's motion for summary judgment based on two grounds. First, the court held the plain language of the Johnson Act makes clear that the authority to declare gambling day cruises illegal is vested with a State and not a county. Therefore, the County was without authority to enact the ordinances. Second, the court found that the ordinances violate article VIII, § 14, of the state constitution because the ordinances make conduct illegal that is not illegal under state law.

## ISSUE

Did the circuit court err by finding the County had exceeded its authority in passing the ordinances?

## DISCUSSION

 The County argues it has authority to opt out of the Johnson Act and enact an ordinance prohibiting gambling day cruises. The County contends the Johnson Act allows a local government, rather than just a state government, to enact a law prohibiting gambling day cruises.

The Johnson Act generally prohibits the use or possession of any gambling device on a United States flag vessel. One exception is that the possession or transport of a gambling device within state territorial waters is not a violation of the prohibition if the device remains on board the vessel and is used only outside those territorial waters. 15 U.S.C. § 1175(b)(1). That exception does not apply, however, "if the *State or possession of the United States* in which the voyage

---

1. Also known as the Johnson Act, to be discussed *infra.*

or segment begins and ends has enacted a statute" prohibiting gambling day cruises. 15 U.S.C. § 1175(b)(2)(A) (emphasis added).

■ The circuit court correctly held that the plain language of the Johnson Act indicates that only a State, not a division of the state government such as the County here, can act to prohibit gambling day cruises. *See Brown v. County of Berkeley,* 366 S.C. 354, 622 S.E.2d 533 (2005) (clear and unambiguous words in a statute should be given their plain and ordinary meaning). The County's alleged power to enact the ordinances, therefore, cannot derive from the Johnson Act. We further note that, at the time the ordinances were enacted, the State had not opted out of the Johnson Act and had not enacted a statute prohibiting gambling day cruises.[2] *See Stardancer Casino, Inc. v. Stewart,* 347 S.C. 377, 556 S.E.2d 357 (2001) (gambling day cruises are not unlawful).

## CONCLUSION

We conclude the plain language of the Johnson Act indicates that only a State, not a division of the state government such as the County here, can act to prohibit gambling day cruises. Therefore, the circuit court properly granted summary judgment to Palmetto Princess. *See Cunningham ex rel. Grice v. Helping Hands, Inc.,* 352 S.C. 485, 575 S.E.2d 549 (2003) (summary judgment appropriate only if there is no genuine issue of material fact and moving party is entitled to judgment as matter of law). Given our decision, it is unnecessary to address the County's argument that the circuit court erred by finding its ordinances violated article VIII, § 14, of the South Carolina Constitution. *See Hagood v. Sommerville,* 362 S.C. 191, 607 S.E.2d 707 (2005) (appellate court need not address remaining issues when resolution of prior issue is dispositive). Accordingly, the decision of the circuit court is **AFFIRMED.**

TOAL, C.J., BURNETT, J., and Acting Justices JAMES W. JOHNSON, JR., and MARK J. HAYES, II, concur.

---

**2.** Subsequent to the circuit court's order issued in this case, the General Assembly's Gambling Cruise Prohibition Act was signed into law by the governor with an effective date of June 1, 2005. Section 3–11–200(A) of this Act specifically allows the type of ordinance enacted by the County.