THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John A. Gore, Respondent,
 v.
 Beneficial
 Mortgage Co. Of South Carolina, Appellant
 
 
 

Appeal From York County
 S. Jackson Kimball, III, Special Circuit
 Court Judge
Unpublished Opinion No. 2007-UP-498
Submitted October 1, 2007  Filed October
 25, 2007
APPEAL DISMISSED WITHOUT PREJUDICE

 
 
 
 C. Mitchell Brown, B. Rush Smith, III, Thad H. Westbrook, and Christina
 Rampey Hunoval, all of Columbia, for Appellant.
 John Martin Foster, of Rock Hill, for Respondent.
 
 
 

PER
 CURIAM:  Beneficial Mortgage Co. of South Carolina (Beneficial) appeals the special circuit judges order granting John Gores
 (Gore) motion to restore his case to the active docket.  We dismiss the appeal
 without prejudice.[1]
FACTS
On December 1, 2003, Gore filed a
 complaint against Beneficial, alleging Beneficial failed to enter satisfaction
 of a mortgage given to it by Gore.  Beneficial responded to the complaint in
 its answer filed on February 6, 2004.
The
 master-in-equity assigned to hear the case as a special circuit court judge
 sent a form letter to Gores counsel, dated August 5, 2004, requesting counsel
 send a reference fee to the judge in order to go forward with the case.[2]  The letter stated [i]f the fee is
 not received within 30 days from the date of this letter, the case will be
 dismissed for failure to prosecute.  The case will not be restored to the
 roster of cases except upon motion to restore and a showing of good cause.  (emphasis added).  The trial judge, in an order filed September 24,
 2004, dismissed the action sua sponte for failure to prosecute.[3]  Gore did not appeal the order or
 move for reconsideration under Rule 59, SCRCP.
On
 November 11, 2004, Gore filed a motion to restore pursuant to Rules 40 and 41, SCRCP.  The special circuit court judge, by order filed on May 11, 2005,
 restored the case to the non-jury trial docket.  The judge, in his order,
 explained the action was dismissed with the right to restore for good cause. 
 The judge found the parties were engaged in settlement negotiations at or
 about the time the order of dismissal issued.  In granting the motion to
 restore, the court noted its use of such orders as a sanction, and its
 practice of allowing reinstatement based on a liberal construction of good
 cause.   The judge, observing the body of law dealing with default in which
 the adverse party is required to show prejudice, specifically found that
 restoration of the action would not prejudice Beneficial.  Beneficial now
 appeals the special circuit judges order granting Gores motion to restore.
LAW/ANALYSIS
Beneficial argues
 the special circuit judges order of dismissal for failure to prosecute
 dismissed the action with prejudice and operated as an adjudication on the
 merits.  Alternatively, Beneficial argues that even if the order did not
 dismiss the action with prejudice, the special circuit court judge no longer
 retained jurisdiction to act upon Gores motion to restore.
Our supreme court
 has held [t]he decision on a motion to restore the case to the active docket
 is not a final judgment and is interlocutory and, therefore, not immediately appealable.  Shields v. Martin Marietta Corp., 303 S.C. 469, 470, 402
 S.E.2d 482, 483 (1991).  It is well settled that an interlocutory order is not
 immediately appealable unless it involves the merits of the case or affects a
 substantial right.  Brown v. County of Berkeley, 366 S.C. 354, 361, 622
 S.E.2d 533, 537 (2005); S.C. Code Ann. § 14-3-330 (1977 & Supp. 2006). 
 Because Beneficial is appealing the grant of Gores motion to restore, the
 appeal is interlocutory and therefore not properly before us.  See Shields,
 303 S.C. at 470, 402 S.E.2d at 483 (1991) (noting the [a]voidance of trial is
 not a substantial right entitling a party to immediate appeal of an
 interlocutory order.) (quoting Blackwelder v. State Dept. of Human Res., 299 S.E.2d 777 (1983).
Subject
 matter jurisdiction is the power to hear and determine cases of the general
 class to which the proceedings in question belong.  Majors v. South Carolina Secs. Comn, 373 S.C. 153, 159, 644 S.E.2d 710, 713 (2007).  We believe
 the special circuit court judge in this case had the power to hear and
 rule upon Gores motion to restore.  We note the  difference between a want
 of jurisdiction in which case the court has no power to adjudicate at all, and
 a mistake in the exercise of undoubted jurisdiction in which case the action of
 the trial court is not void although it may be subject to direct attack on
 appeal.   Fryer v. South Carolina Law Enforcement Div., 369 S.C. 395,
 399, 631 S.E.2d 918, 920 (Ct. App. 2006) (quoting Thomas Howard Co. v. T.W.
 Graham Co., 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995).   When a court
 acts with proper subject matter jurisdiction, but takes action outside of its
 authority, the party against whom the act is done must object and directly
 appeal.   Id., (quoting Coon v. Coon, 356 S.C. 342, 347-48, 588
 S.E.2d 624, 627 (Ct. App. 2003), affd as modified, 364 S.C. 563, 614
 S.E.2d 616 (2005)).
Having found
 Beneficials appeal to be interlocutory, we are precluded from addressing the
 remainder of the appeal.  See Brunson v. American Koyo Bearings,
 367 S.C. 161, 165 n.1, 623 S.E.2d 870, 872 n.1 (Ct. App. 2005) (holding the
 dismissal of an appeal as interlocutory precludes the court from addressing the
 remaining issues).
APPEAL DISMISSED
 WITHOUT PREJUDICE.
ANDERSON and THOMAS, JJ., and CURETON, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  South Carolina Code section 14-11-310 (1977 &
 Supp. 2006) permits a master-in-equity to charge fees in cases referred to him
 or her in their capacity as master.  Here, however, the master sat as a special
 circuit court judge.
[3]  The order dismissing the action did not mention the
 possibility of returning the case to the roster upon a motion to restore and a
 showing of good cause.