**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Candace Lee, Respondent,

v.

Courtney Padgett, Toby Keisler, Alex Huizer, Leslie Perkins, and Baby Girl Roe, Defendants,

Of Whom Courtney Padgett is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-000203

———————

Appeal From Richland County
James F. Fraley, Jr., Family Court Judge

———————

Unpublished Opinion No. 2015-UP-297
Submitted June 1, 2015 – Filed June 16, 2015

———————

**AFFIRMED**

———————

Allison Boyd Bullard, of Harling & West, LLC, of Lexington, for Appellant.

Bonnie P. Horn, of Horn Law Firm, of Columbia, for Respondent.

Lisa Armstrong, of Columbia, Guardian ad Litem.

---

**PER CURIAM:**  In this adoption case, Courtney Padgett, the birth mother of Baby Girl Roe (Child), appeals a family court order denying her petition to withdraw consent for adoption, terminating her parental rights, and granting an adoption to Candace Lee.  On appeal, Padgett argues the family court erred in (1) finding she voluntarily executed the consent to adopt and denying her request to withdraw the consent; (2) placing Child in Lee's temporary custody without making a finding this placement was in Child's best interest; and (3) entering an order of adoption when Lee failed to prove she was a fit and proper person to care for Child or adoption was in Child's best interest.  We affirm pursuant to Rule 220(b) and the following authorities:

As to Issue 1: *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("[T]his [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations."); S.C. Code Ann. § 63-9-350 (2010) ("Withdrawal of any consent or relinquishment is not permitted except . . . when the court finds that the withdrawal is in the best interests of the child and that the consent or relinquishment was not given voluntarily or was obtained under duress or through coercion."); *McCann v. Doe*, 377 S.C. 373, 384, 660 S.E.2d 500, 506 (2008) ("The burden is on the person seeking to revoke the consent to show the consent was obtained involuntarily."); *Phillips v. Baker*, 284 S.C. 134, 137, 325 S.E.2d 533, 535 (1985) (holding the appellant failed to prove she executed her consent under duress when she signed in the presence of her parents, her attorney, and a social worker; noting the trend against allowing withdrawal of consent if adoptive parents have relied on the consent); *McCann*, 377 S.C. at 385-86, 660 S.E.2d at 507 ("[D]uress is only one consideration, and the [c]ourt may look to other factors, including the totality of the circumstances, in making the voluntariness determination."); *Johnson v. Horry Cnty. Dep't of Soc. Servs.*, 298 S.C. 355, 356, 380 S.E.2d 830, 831 (1989) (affirming an order refusing the withdrawal of consent when Johnson had an eleventh grade education, could understand the terms of the consent, was not under the influence of any drugs, was not in an unusually emotional state, and initialed provisions that indicated her consent was voluntary and not the product of coercion or duress).

As to Issue 2: S.C. Code Ann. § 63-9-520(A)(1)(d) (2010) ("[N]otwithstanding any provision of this section, upon good cause shown, the court in its discretion may permit the temporary custody and placement of a child with a prospective adoptive parent before the completion of the preplacement or background investigation and reports required pursuant to this article.").

As to Issue 3: S.C. Code Ann. § 63-9-750(B)(5) (2010) (providing a family court shall grant an adoption if it finds the "petitioner is a fit and proper person and able to care for the child and to provide for the child's welfare"); S.C. Code Ann. § 63-9-750(B)(6) (providing a family court shall grant an adoption if it finds "the best interests of the adoptee are served by the adoption"); *McCann*, 377 S.C. at 389, 660 S.E.2d at 509 ("The best interest of the child remains, always, the paramount consideration in every adoption." (internal quotation marks omitted)); *Phillips*, 284 S.C. at 136, 325 S.E.2d at 535 ("In adoption cases the child is the proper focus for the determination.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.