**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ex Parte: Nila Collean Carter, Appellant,

In Re:

John Roe and Mary Roe, Respondents,

v.

L.C. and X.C., minors under the age of seven years, Defendants.

Appellate Case No. 2018-001408

———————

Appeal from Charleston County
Daniel E. Martin, Jr., Family Court Judge

———————

Memorandum Opinion No. 2020-MO-015
Heard November 18, 2020 – Filed December 7, 2020

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Melinda Inman Butler, of The Butler Law Firm, of Union, and William Harold Nixon, Jr., of William H. Nixon, Jr., Attorney at Law of Charleston, both for Appellant.

Larry Dale Dove, of Dove Law Group, LLC, of Rock Hill, for Respondents.

**PER CURIAM:** Following this Court's remand in *Ex Parte Carter*, 422 S.C. 623, 813 S.E.2d 686 (2018), the family court held a bifurcated trial and determined Appellant Nila Carter freely and voluntarily consented to the adoption of her two biological children. The family court subsequently issued an order requiring Carter to pay half the guardian *ad litem's* fee. Carter appealed both decisions, and we affirm in part and reverse in part pursuant to Rule 220(b)(1), SCACR, and the following authorities:

As to Carter's assertion the family court erred in not addressing extrinsic fraud, see *Ex Parte Carter*, 422 S.C. at 631, 813 S.E.2d at 690 (noting Carter should have an opportunity to prove the "merits of [her] claim that her consent was not validly obtained"). As to the voluntariness of Carter's consent, see section 63-9-350 of the South Carolina Code (2010) ("Withdrawal of any consent or relinquishment is not permitted except by order of the court after notice and opportunity to be heard is given to all persons concerned, and except when the court finds that the withdrawal is in the best interests of the child and that the consent or relinquishment was not given voluntarily or was obtained under duress or through coercion."); *McCann v. Doe*, 377 S.C. 373, 384, 660 S.E.2d 500, 506 (2008) ("The burden is on the person seeking to revoke the consent to show the consent was obtained involuntarily."); *Johnson v. Horry Cty. Dep't of Soc. Servs.*, 298 S.C. 355, 356, 380 S.E.2d 830, 831 (1989) (finding a mother's consent valid where she had an eleventh grade education, understood the documents, and initialed provisions that stated her consent was freely and voluntarily given). Concerning the family court's decision not to address the best interest of the children, see section 63-9-350 of the South Carolina Code (2010) (stating that withdrawal of consent is not valid "except when the court finds that the withdrawal is in the best interests of the child *and* that the consent or relinquishment was not given voluntarily or was obtained under duress or through coercion") (emphasis added). *See also McCann*, 377 S.C. at 381, 660 S.E.2d at 504 (bifurcating the trial to first address the validity of the consent and then, if necessary, the best interest of the children).

We find the requirement that Carter pay half the guardian *ad litem's* fee is improper. *See* S.C. Code Ann. § 63-3-850(B) (2010) (setting forth the following factors for determining guardian ad litem fees "(1) the complexity of the issues before the court; (2) the contentiousness of the litigation; (3) the time expended by the guardian; (4) the expenses reasonably incurred by the guardian; (5) *the financial ability of each party to pay fees and costs; and (6) any other factors the court considers necessary*.") (emphasis added); *S.C. Dep't of Soc. Servs. v. Mary C.*, 396

S.C. 15, 31 n.11, 720 S.E.2d 503, 511 n.11 (Ct. App. 2011) (reversing a guardian *ad litem's* fee against the mother).

Accordingly, we affirm the validity of Carter's consent, and thus, the final adoption decree remains in effect. We reverse the order requiring Carter to pay half the guardian *ad litem's* fee, and instead hold she is not responsible for any portion of that fee.

**AFFIRMED IN PART AND REVERSED IN PART.**

**BEATTY, C.J., KITTREDGE, HEARN, JAMES, JJ., and Acting Justice James E. Lockemy, concur.**