**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Glenn C. Odom, Appellant,

v.

John Campolong and A. C. McLeod, Defendants,

Of whom John Campolong is the Respondent.

Appellate Case No. 2023-001000

———

Appeal From Chesterfield County
Michael S. Holt, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-262
Heard November 6, 2024 – Filed July 23, 2025

———

**AFFIRMED**

———

John E. Parker and John Elliott Parker, Jr., both of Parker Law Group, LLP, of Hampton, for Appellant.

Richard A. Harpootlian, of Richard A. Harpootlian, PA, and Keely McComb McCoy, of Keely M. McCoy, Attorney At Law, LLC, both of Columbia; and Samuel F. Arthur, III, of Aiken Bridges Elliott Tyler & Saleeby, P.A., of Florence, all for Respondent A.C. McLeod.

John Lucius McCants, of Baker Ravenel & Bender, LLP, of Columbia, for Respondent John Campolong.

**PER CURIAM:**  Glenn C. Odom appeals the circuit court's order granting John Campolong's motion for summary judgment.  We affirm.

## FACTS/PROCEDURAL HISTORY

Odom and Campolong reside in the Town of McBee (the Town), and both have held the position of mayor.  During Odom's time as mayor, the Town was awarded an $850,000 grant that was used to build a water line constructed and maintained by Odom's water and sewer company.  This caused some individuals in the Town to believe the grant money was misappropriated.  In 2012, Campolong, then-acting mayor, and the town council sent a letter to the South Carolina Law Enforcement Division (the SLED Letter) requesting an investigation into Odom's actions during his term as mayor.  In 2013, SLED determined Odom committed no wrongdoing.

On April 23, 2018, Odom commenced the underlying action, alleging that in 2012, Campolong entered into a civil conspiracy with a member of the town council to harm Odom and that Campolong publicly defamed him on multiple occasions.  Additionally, Odom maintains Campolong slandered him in front of former town council members Beulah Bolton and Marion Stephens, III.

Following discovery, Campolong filed a motion for summary judgment, which the circuit court granted, finding (1) the alleged statements made by Campolong during town council meetings were privileged, (2) the alleged statements made by Campolong to council member Bolton before or after a council meeting were privileged, (3) Odom failed to present clear and convincing evidence that Campolong acted with actual malice, and (4) the alleged statement made to Bolton did not rise to the level of actual malice.  Additionally, the circuit court found the statute of limitations barred Odom's claim for civil conspiracy.  Odom filed a motion to reconsider, which the circuit court denied.  This appeal followed.

## ISSUES ON APPEAL

I.   Did the circuit court err in finding no clear and convincing evidence of actual malice?

II.  Did the circuit court err in finding the alleged statement was protected by legislative privilege?

III. Did the circuit court err in finding the statute of limitations barred Odom's civil conspiracy claim?

## STANDARD OF REVIEW

"In reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court." *Hawkins v. City of Greenville*, 358 S.C. 280, 289, 594 S.E.2d 557, 562 (Ct. App. 2004). "[T]he proper standard is the 'genuine issue of material fact' standard set forth in the text of . . . Rule [56(c), SCRCP]." *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023). "Summary judgment is proper when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Hawkins*, 358 S.C. at 289, 594 S.E.2d at 562 (quoting Rule 56(c), SCRCP). "The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact." *Id.* at 288, 594 S.E.2d at 561 (quoting *McNair v. Rainsford*, 330 S.C. 332, 342, 499 S.E.2d 488, 493 (Ct. App. 1998)). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361–62, 563 S.E.2d 331, 333 (2002). "Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Id.* at 362, 563 S.E.2d at 333.

## LAW/ANALYSIS

### I. Actual Malice

Odom argues the circuit court erred in finding he did not produce clear and convincing evidence of actual malice "based solely on the testimony of Odom." He avers the circuit court ignored evidence that Campolong never meaningfully investigated the matters on which he premised his allegedly defamatory claims. Additionally, Odom argues the circuit court ignored evidence that Campolong harbored ill will towards Odom and had reason to doubt the veracity of his publications. We disagree.

We find Odom failed to demonstrate Campolong made the alleged defamatory statements with actual malice. The circuit court reviewed the entire record and afforded proper weight to Odom's concession that he had no evidence of actual malice. *See George v. Fabri*, 345 S.C. 440, 451, 548 S.E.2d 868, 874 (2001) ("The constitutional guarantee of free speech requires that a public official or public figure must prove a defamatory statement was made 'with "actual malice"—that is,

with knowledge that it was false or with reckless disregard of whether it was false or not.'" (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964))); *id.* at 451, 548 S.E.2d at 874 ("At trial, the plaintiff must prove actual malice by clear and convincing evidence."); *id.* at 453, 548 S.E.2d at 874 ("[T]he clear and convincing evidenc[e standard must be] considered by the trial court when ruling on a summary judgment motion involving the issue of actual malice."). Odom's references to the record are not clear and convincing evidence of actual malice because Bolton and Stephen's testimony lacked conviction as to what statements were made and when any such statements were issued. Moreover, their testimony was, at times, ambiguous. *See id.* at 456, 548 S.E.2d at 876 ("'[T]he actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term.'" (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989))); *id.* ("Instead, actual malice is governed by a *subjective* standard which tests the defendant's good faith belief in the truth of her statements."); *id.* ("There must be sufficient evidence to conclude either that the defendant made the statements with a 'high degree of awareness . . . of probable falsity' or that the defendant 'in fact entertained serious doubts as to the truth of his publication.'" (citations omitted)). Additionally, Campolong's alleged failure to investigate the defamatory claims is not demonstrative of actual malice. *See id.* at 459, 548 S.E.2d at 878 ("The failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard."); *id.* ("However, actual malice may be present where the defendant fails to investigate *and there are obvious reasons to doubt the veracity* of the statement or informant."). Furthermore, the circuit court did not ignore evidence that Campolong harbored ill will towards Odom or had reason to doubt the truth of his publications. Odom relies on Campolong's statement that he had no personal knowledge of any illegal conduct done by Odom; this appears to be in reference to the SLED Letter. We find Campolong and the town council were permitted to investigate issues pertaining to Odom and the town's water supply without fear of a lawsuit. *See Richardson v. McGill*, 273 S.C. 142, 147, 255 S.E.2d 341, 343 (1979) ("Under the present facts, public policy mandated that legislators be permitted to pursue reports of incompetent or illegal behavior involving appointed county personnel without the necessity of having to justify their actions in a suit for defamation.").

## II.    Legislative Privilege

Odom argues the circuit court erred by finding legislative privilege protected the statements made to Bolton and Stephens because no evidence in the record indicates they were made in furtherance of a legitimate, ongoing legislative

function.  We disagree.  In *Richardson*, the supreme court held defamatory statements made outside of a regular legislative session were absolutely privileged because the statements "were uttered (1) at a meeting attended only by the legislative delegation, the members of the Recreation Commission, and appellant; (2) by respondent, a member of the legislative delegation; and (3) concerning a matter related to legislative duties and [in which] all present had an official interest." *Id.* at 147, 255 S.E.2d at 343–44.  Here, any alleged defamatory statements made to Bolton and Stephens were privileged because the statements related to Town's grants, water, budgets, and finances or to the town council's legislative purposes or duties.  Bolton and Stephens's testimony indicated that whenever the town council discussed water related issues, Odom's time as mayor and the issuance of the grant to his company were included in the discussion.  Additionally, Bolton testified the statements were made before or after council meetings in town hall; thus, the close proximity in time to these meetings further insulates the statements.

### III.    Statute of Limitations

Odom asserts the continuous accrual theory or the last overt act doctrine permit him to allege a claim of civil conspiracy for overt acts of defamation that occur in furtherance of the alleged conspiracy.  Odom argues his claim did not accrue until 2016 at the earliest.  We disagree.  We hold Odom's cause of action for civil conspiracy is barred by the statute of limitations.  Odom's argument regarding continuous accrual is unpersuasive.  South Carolina does not recognize a theory tolling the time period to bring an action for civil conspiracy.  *See* S.C. Code Ann. § 15-3-530 (2005) (setting forth causes of action a party must bring within three years); *Poly-Med, Inc. v. Novus Sci. Pte. Ltd.*, 437 S.C. 343, 349, 878 S.E.2d 896, 899 (2022) ("South Carolina has not adopted the continuing breach theory in *Janssen*, *Marshall*, or otherwise.").  Additionally, we hold the statute of limitation began to run in 2012 following the creation of the SLED letter, which would be an overt act in furtherance of the alleged civil conspiracy.

Accordingly, the circuit court's order is

**AFFIRMED.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**